The motion for an injunction is therefore denied.

---

## STEELE *a.* STURGES.

*Supreme Court, First District; Special Term, July,* 1857.

RECEIVER OF PARTNERSHIP EFFECTS.—TRANSFER OF TITLE.

By an order of court a receiver of partnership property was appointed, but the order provided that before entering on his duties he should give certain security. After the order, but before the security was perfected, the sheriff levied on the partnership property.

*Held,* that the title to the property vested in the receiver from the date of his *appointment;* and that having given the security required, he was entitled to the property from the sheriff.

Motion to require the sheriff of the city and county of New York to deliver up to the receiver appointed in this action certain property held by him under levy of an execution.

The facts appear in the opinion of the court.

MITCHELL, J.—The plaintiff and defendant were partners: by an order made in this action on May 18, 1857, J. Clapp, jr., was thereby "appointed receiver of all the property of the firm," and he was directed to sell the property and collect the things in action. The order contained a provision that "before entering on the discharge of his duties, he should execute a bond with two sureties," &c. On the 21st of May the bond was approved and filed.

On the 19th of May, Piedman obtained judgment in the Marine Court, and issued execution to the sheriff of New York, who levied on property of the firm. On notice to the sheriff, a motion is now made that he deliver over the property to the receiver.

It was the province of the Court of Chancery to appoint receivers in partnership cases; that court never allowed other officers to interfere with the officers appointed by it. The counsel for the sheriff only objects that he was prior in right to the receiver, because his levy was made before the receiver had executed and filed the bond to be given by him. When the court in such cases appoints a receiver, it is because the court has first adjudged that the property is no longer to be under the control of the parties to the suit, but it is thenceforth to be, and is, in the custody of the court. The receiver then becomes merely an agent through whom the court acts; and whether he be forthwith appointed by the court, as in this case, or a reference be made to a master or referee to appoint one, in either case the effect is the same: the title of the receiver is of the date at which it is ordered that a receiver shall be appointed. Then the title of the partners to control dies, and then the title of the court and of its agent or officer immediately succeeds. As in the case of natural death, the *formal* title of an administrator and that of an executor does not become complete until letters of administration or testamentary are granted as the evidence of title; but the title of the administrator or executor, when he is appointed, takes effect as from the moment when death terminated the title of his intestate or testator. So also it is with the title of the receiver. The order of the court either impliedly or expressly takes the title from the parties, and vests it in the receiver as from that moment. It is enough, however, if it took it from the parties; after that no execution

against them could be levied upon it.   In this case the order is in the present tense : " It is ordered that J. Clapp, jr., be, and he hereby *is*, appointed receiver."   From that moment a receivership was extended over the property.   Clapp was only restrained from *acting* until he should give security ; and if he had failed to comply with that requirement, the effect would have been the same as if he had instantly complied, and had been afterwards removed, and another receiver had been appointed. The latter would have had title, not from the date of his succession, but from the date of the original order, when the succession to the title passed from the parties to the court and its officers.

The motion that the sheriff deliver over the property to the receiver is granted, without costs.