JAMES J. NEALIS, AS RECEIVER, &c. OF TERENCE J. McCAHILL,
Appellant, *against* CHARLES F. BUSSING, Respondent.

(Decided June 7th, 1880.)

Where a receiver of the rents, issues and profits of mortgaged premises has
been appointed in an action for foreclosure of the mortgage, and notice
of his appointment has been given to a lessee of the premises under a
lease from the mortgagor, and the lessee has paid rent falling due to
the receiver, the mortgagor has no authority to accept a surrender from
the lessee or to execute a new lease of the premises during the continu-
ance of the receivership; and such surrender and acceptance and new
lease constitute no defense to an action by the receiver against the lessee
for rent subsequently accruing and remaining unpaid.

APPEAL from an order of the general term of the marine
court of the city of New York, reversing a judgment of that
court entered upon a verdict rendered by direction of the
court.

The facts are stated in the opinion.

*James Clark*, for appellant.

*Roscoe H. Channing*, for respondent.

LARREMORE, J.—On May 1, 1874, Terence J. McCahill
leased unto defendant certain premises on the south-east corner

---

* The order entered on this decision was affirmed by the court of ap-
peals, June 21, 1881 (see 85 N. Y. 646).

of Twenty-second street and Second avenue, in the city of New York, for the term of five years from the date above mentioned; at the yearly rent of $1,100 for the first year and $1,200 per year for the remainder of said term, payable in equal monthly payments. On August 15, 1877, in an action brought in the supreme court by Thomas J. McCahill and James Brady as executors of Bryan McCahill, deceased, against Terence J. McCahill and Henry G. Peters, for the foreclosure of a mortgage on said premises, the plaintiff in this action was duly appointed receiver of the rents, issues and profits of said premises, with authority to collect and apply the same to the payment of any deficiency that might remain on account of the incumbrances then on said property according to the rights of the respective parties. By the order appointing him receiver as aforesaid plaintiff was authorized to commence and prosecute all suits and proceedings for the collection of said rent, or for the recovery of possession of the said premises, if said rent was not paid upon demand by the tenants, who were thereby directed to pay the same to said receiver. Plaintiff duly qualified in pursuance of the order of his appointment and brought this action to recover the sum of $700 for rent of said premises from October 1, 1877, to May 1, 1878.

The defendant by his answer admits the making of the lease and urges in defense that he was not a party to the action in the supreme court in which said receiver was appointed, was not served with a copy of the order of his appointment, and had no knowledge thereof at the time of subsequent payments of rent, and that he did not at any time attorn to the plaintiff, although he had paid rent to the receiver for the months of August and September. Defendant further avers that on October 4, 1877, he surrendered said premises to said Terence J. McCahill, who accepted the demised premises and fully released defendant from all covenants contained in the lease, and thereupon re-let said premises, and that defendant was thereby discharged from all liability in the premises.

On the trial a verdict was directed for the plaintiff against the defendant for $512.50. From the judgment entered thereon an appeal was taken to the general term of the marine

court, which reversed the same, from which reversal this appeal is taken.

The receiver by the order above mentioned was entitled to all the rents of the mortgaged premises. This possession was · that of the court (*Wiswall* v. *Sampson*, 14 How. [U. S.] 64, 65), and the lessor had no authority to accept a surrender of the lease in question and thus defeat the purpose of the order of August 15, 1877. There is nothing in the decision of the supreme court that contravenes this doctrine. That the defendant had notice of the appointment of plaintiff as such receiver is established by the testimony and undisputed, and the payment by the defendant to the receiver of the rent of said premises for the months of August and September, 1877, was in the nature of an attornment to the plaintiff, and a recognition of his right to all rents due or to become due under said lease (*Noe* v. *Gibson*, 7 Paige, 513; *Sea Ins. Co.* v. *Stebbins*, 8 Paige, 565; *Steele* v. *Sturges*, 5 Abb. Pr. 442); and a payment to and receipt from any person other than the defendant must, in the absence of proof to the contrary, be regarded as a payment and receipt on his account.

To the exclusion of the offers of proof· no exception was taken, and the practice is well settled that in such a case it is not reviewable on appeal or on the motion for a new trial (*Keyes* v. *Devlin*, 3 E. D. Smith, 518; *Morrison* v. *New York, &c. R. R. Co.*, 32 Barb. 568; *Fay* v. *Bennett*, 7 Abb. Pr. 352).

The exceptions at folios 83–85 were not well taken. As has been observed, the lessor had no right to accept a surrender or execute a new lease of the premises during the continuance of the receivership. Conceding that the receiver was appointed on the application of Peters, the second mortgagee, the trust thus created did not inure to his benefit alone, but to that of all parties interested (High on Receivers, § 650).

The judgment at the general term of the marine court should be reversed and that of the trial term affirmed, with costs.

VAN BRUNT, J., concurred.

Order of the general term of the marine court reversed, and judgment affirmed, with costs.