In the Matter of the Application of Trustees of SCHUYLER'S STEAM TOW BOAT COMPANY, a Corporation, for its Dissolution.

By the proper presentation to a state court, after due notice of the application, of a petition praying for the dissolution of a corporation and upon the appointment of a receiver, the court acquires jurisdiction of the subject-matter, and although the receiver has not actually taken the property of the corporation into his manual possession, the jurisdiction of the court over it is exclusive.

The appointment of the receiver is completed by the filing and entering of the order appointing him, although he may be directed to execute and file a proper bond before he proceeds to discharge his duties; when that is done he can take actual manual possession of the property and his title relates back to the date of appointment.

No other court, therefore, either federal or state, can obtain jurisdiction over the property after the filing and entry of the order, even under process upon which possession was taken prior to the filing of the bond.

In a proceeding for the voluntary dissolution of a corporation, an order appointing a receiver was filed and entered August 1, 1891. The receiver executed his bond which was approved August third and filed August fourth. On the afternoon of August first, after the entry of the order, one M., in behalf of himself and other creditors libelled several of the vessels of said company in the U. S. District Court and they were seized by the marshal. An application by the receiver to the court which appointed him to restrain the libellants from proceeding further in the U. S. court was granted. *Held,* no error; as the libellants acquired no rights under their process.

*Albany City Bank* v. *Schermerhorn* (9 Paige, 372), distinguished.

Reported below, 64 Hun, 384.

(Argued October 28, 1892; decided November 29, 1892.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made July 2, 1892, which affirmed an order of Special Term, restraining a sale of the boats belonging to Schuyler's Steam Tow Boat Company under libels filed in Admiralty.

The facts, so far as material, are stated in the opinion.

*Joseph F. Mosher* for appellant. The Admiralty Court having first acquired actual possession of the *res*, it must

retain jurisdiction. (*Hagan* v. *Lucas*, 10 Pet. 401; *Taylor* v. *Carryl*, 20 How. Pr. 583; *Freeman* v. *Howe*, 24 id. 450; *Buck* v. *Colbath*, 3 Wall. 334; *Covell* v. *Heyman*, 111 U. S. 176; *Heidritter* v. *E. O. C. Co.*, 112 id. 294; *Pullian* v. *Osborne*, 17 How. Pr. 471.) The order appointing the receiver did not vest him with the possession, but only with the right to take possession, which was of no avail against actual possession by the court of another sovereignty. (*A. C. Bank* v. *Schermerhorn*, 9 Paige, 472; *B. S. Bank* v. *Richards*, 3 Hun, 366; *Varnum* v. *Hart*, 119 N. Y. 101; *Smith* v. *Davis*, 63 Hun, 100; *S. S. C. Co.* v. *W. M. Co.*, 18 Blatchf. 291; *Davis* v. *Gray*, 16 Wall. 203, 218; *F. Bank* v. *Beaston*, 7 G. & J. 421; *Davis* v. *Gray*, 16 Wall. 203, 217; *Hunt* v. *Wolf*, 2 Daly, 303; *Beverly* v. *Brooke*, 4 Gratt. 187, 208; *In re Bury*, 26 Barb. 55; *Steele* v. *Sturgis*, 5 Abb. Pr. 442; *Rutter* v. *Tallis*, 5 Sandf. 610; *In re C. J. Co.*, 128 N. Y. 550.)

*James W. Eaton* for respondent. By the order of the July thirty-first, appointing a receiver, the state court acquired jurisdiction of the property of the corporation, and that jurisdiction is exclusive as against all other courts of co-ordinate jurisdiction. (*In C. J. Case*, 128 N. Y. 550; *Maynard* v. *Bond*, 67 Mo. 315; *Rutter* v. *Tallis*, 5 Sandf. 610; *Steele* v. *Sturgis*, 5 Abb. Pr. 442; *T. R. R. Co.* v. *Lewis*, 44 Alb. L. J. 180; *Olney* v. *Tanner*, 19 N. B. 178, 180; *Sedgwick* v. *Menck*, 1 id. 675; *A. Bank* v. *N. Bank*, 23 Pick. 480; *Wiswall* v. *Sampson*, 14 How. Pr. 52; *U. T. Co.* v. *R.*, etc., *R. R. Co.*, 6 Biss. 197; *Holladay Case*, 29 Fed. Rep. 226; *Bruce* v. *R. R. Co.*, 19 id. 342; *Conkling* v. *Butler*, 4 Bliss, 22; *Hamilton* v. *Chateau*, 2 McC. 509; *Hutchinson* v. *Green*, Id. 471; *Walker* v. *Flint*, 7 Fed. Rep. 435; *Kennedy* v. *R. R. Co.*, 3 id. 97; *The Red Wing*, 14 id. 869; *Hagan* v. *Lewis*, 10 Pet. 401; *Taylor* v. *Carryl*, 20 How. Pr. 583; *Freeman* v. *Howe*, 24 id. 450; *Buck* v. *Coldbath*, 3 Wall. 334; *Covell* v. *Heyman*, 111 U. S. 176; *Heidritter* v. *E.*, etc., *Co.*, 112 id. 284; *Pullian* v. *Osborne*, 17 How. Pr. 471; *Adler* v.

*Roth*, 5 Fed. Rep. 895; *Senior* v. *Pierce*, 31 id. 626; *The Sale of Prince*, 1 Ben. 237; *The Carveim*, 1 Low. 173; *Loving* v. *Marsh*, 2 Cliff. 323.) The court will not allow of any interference with property in the hands of its receiver. (*Jennings* v. *Carson*, 4 Cranch. 2; *Keating* v. *Spink*, 3 Ohio, 135; *Krippendorf* v. *Hyde*, 110 U. S. 276; *Gumbel* v. *Pitkin*, 124 id. 131.) The court will protect its own jurisdiction and prevent interference with its possession of the property by injunction. (High on Inj. § 108; *Ackerly* v. *Vilas*, 15 Wis. 401; *H. Ins. Co.* v. *Howell*, 9 C. E. Green, 238; *V. & C. R. R. Co.* v. *V. C. R. R. Co.*, 46 Vt. 792; *Hendee* v. *R. R. Co.*, 23 Blatchf. 453; *French* v. *Hay*, 22 Wall. 250; *Cunningham* v. *Butler*, 142 Mass. 47; *E. R. R. Co.* v. *Ramsey*, 45 N. Y. 637; *De Groot* v. *Jay*, 30 Barb. 483.) The practice above indicated is correct. (*Woerishoffer* v. *N. R. C. Co.*, 99 N. Y. 402; *Atty.-Genl.* v. *G. M. Ins. Co.*, 77 id. 272; Code Civ. Pro. § 2423; *Taylor* v. *Caryl*, 20 How. [U. S.] 583.) The order granted was in the discretion of the court and is not appealable. (Code Civ. Pro. § 2423; *Tallman* v. *Hinman*, 10 How. Pr. 89.)

PECKHAM, J. A receiver of the property and effects of the above named corporation was duly appointed by a Special Term of the Supreme Court of the state, sitting at Albany on the 31st of July, 1891, and the order appointing him was filed and entered in the proper clerk's office August 1, 1891, at 11 A. M. The receiver executed his bond and it was duly approved August third, and filed in the clerk's office August 4, 1891. The proceeding was one for the voluntary dissolution of a corporation and the distribution of its property and assets among those entitled to receive the same. Intermediate the time when the receiver was appointed and the execution and filing of his bond and in the afternoon of August first, a Mr. Moran, in his own behalf and in behalf of other creditors of the corporation, libelled several vessels which were the property of the corporation, by filing libels in the U. S. District Court for the Eastern District of New York, and

upon process issued from that court the marshal took possession of such vessels.

When Moran instituted his proceedings he says he had been informed that application had already been made for the appointment of a receiver, but he was not informed and he did not know that one had been appointed.

Finding the marshal in possession of the vessels and as he refused to give up such possession, the receiver instituted these proceedings to restrain the libellants from further steps in the U. S. District Court. The courts below have granted the order restraining further proceedings and the other parties have appealed here.

The courts below have held that by the proper presentation of a petition to a state court praying for the dissolution of the corporation, and by the appointment of a receiver upon due notice of the application to the attorney-general, the court acquired jurisdiction of the subject-matter of the proceeding and took the property of the corporation into the custody of the law for the purpose of due administration, and that having thus acquired jurisdiction of such subject-matter and taken the property into the custody of the law, although the receiver had not actually and physically seized and taken it into his manual possession, the state court acquired the exclusive jurisdiction and right to take such possession and make a final decree, and that the libellants acquired no rights under their process and should not be permitted to further proceed in the District Court. The libellants on the other hand contend that this is a question of jurisdiction over the particular property, and that court obtains it which through its process and officer first actually seizes and takes possession of the property itself; and that although the receiver may have had a prior right to take possession, it was not exercised before actual possession was taken under the process from the U. S. Court, and hence the first manual possession must determine the question of jurisdiction.

We think the contention of the libellants ought not to prevail. The question of the effect of the appointment of a

receiver upon the title to the property of the person or cor-
poration for which he was appointed is not a new one. In
*Mann* v. *Pentz* (1 Sand. Ch. 257), it was said that when the
appointment of a receiver was completed, the title to all
property and effects which were subject to the order vested in
him. To the same effect are *Porter* v. *Williams* (9 N. Y. 142–
148) and *VanAlstyne* v. *Cook* (25 N. Y. 489–496).

The appointment of receiver is completed, at the farthest,
by the filing and entering of the order appointing him,
although before he proceeds to the discharge of his duties, he
may be directed to execute and file a proper bond. When
that is done he can take actual, manual possession of the prop-
erty, and his title relates back to the time of his appointment.
(*Matter of Christian Jensen Co., Limited*, 128 N. Y. 550,
and cases cited by EARL, J.)

In *Storm* v. *Waddell* (2 Sand. Ch. 494), it was said that
property that was liable to levy under execution at law, could
not be levied upon subsequent to an order appointing a
receiver, as such order was equivalent to an actual levy upon
the property.

I think the proposition involved in this case has been held
adversely to the claim of the libellants by the decision in the
*Matter of Christian Jensen Co., Limited (supra)*.

The receiver was there appointed March 10, his bond filed
March 11, and on March 12 he took possession of some of the
property of the corporation. On the 11th of March, a time inter-
mediate the appointment and qualification of the receiver, cer-
tain parties commenced an action against the corporation, and
sued out process in replevin in a New York District Court,
and under it took possession of certain property which was
then in the possession of the corporation. On the same day an
action against the corporation was commenced in the N. Y.
Common Pleas to recover a money judgment, and a warrant
of attachment was issued, and the sheriff also on the same day
attached some of the property of the corporation. The receiver
then asked for an order restraining the further prosecution of
these actions, and after hearing, the order was granted

permanently restraining such prosecution. At the same time the court directed the sheriff who had seized under his process in replevin, certain property in the possession of the corporation, to surrender the same to the receiver.

Some question was made as to the right of the corporation to the possession of the property taken in replevin, but upon the facts, it was held the receiver was entitled to possession, and if any question arose as to whether the property seized under the replevin writ actually belonged to the corporation at the time of the appointment of the receiver, that question might be inquired of by some action or proceeding against the receiver, commenced or taken with leave of the court. What was intended to be asserted, was that the appointment of the receiver vested the property of the corporation in him, although he was to thereafter qualify by giving a bond, and that the title being in him and the property in the custody of the law, no other court could obtain jurisdiction over the property after such appointment, even under process upon which possession was taken prior to the qualifying of the receiver.

A different rule does not prevail because one court is a State and the other an United States Court. It is a question of jurisdiction in each case, and the same principles apply in both. The same rule obtains where one court is of common law or equitable jurisdiction and the other is a court of Admiralty, although the nature of the jurisdiction of these courts is so different.

Mr. Chief Justice TANEY, in his dissenting opinion in *Taylor* v. *Carryl* (20 How. [U. S.] 583–600), endeavored to establish that such a difference in the nature of the jurisdiction of Common-law and Admiralty Courts over the vessel which was attached and libelled ought to make a difference in the decision to be made. The jurisdiction of the District Court of the United States in that case was invoked for the purpose of collecting seaman's wages by the enforcement of the maritime lien upon the vessel given for that class of services, and it was said that such lien is, by well established authorities, prior and paramount to all other claims on the

vessel and must be first paid, and that by the Constitution and laws of the United States the District Courts, acting as Courts of Admiralty, were the only courts which had jurisdiction over such lien, or that were authorized to enforce it, and that it was the duty of that court to do it. The chief justice then argued that as the attachment of the vessel under the state laws and by process from the state court only bound the interest of the owner, while the maritime lien upon the vessel bound the *res* itself, the court which had jurisdiction only of a subordinate and inferior interest should not be able, by virtue of such an attachment, to close all proceedings to enforce the paramount lien for wages for twelve months, as by the laws of the state that period or more might elapse between the seizure of the vessel under the attachment and its sale or release from the process.

The case was decided upon what a majority of the court held was no new principle, and it was solved by the application of what was said to be a principle that was comprehensive, and just, and equal, and opposing no hindrance to the efficient administration of judicial power. The jurisdiction of the state court was upheld, because it first attached, notwithstanding its limited character, and that of the Admiralty Court was denied, although it was the sole court where the lien of the seaman for his wages could be originally enforced against the vessel itself. The case shows that the fact that the different courts in the *Christian Jensen Co.* case (*supra*) were courts of the same state and of concurrent jurisdiction is immaterial, and the same rule would hold if one court were a state and the other a Federal tribunal.

The cases cited by the counsel for these appellants do not involve the question as to the effect of the appointment of a receiver in an action or proceeding where the court has first obtained jurisdiction by the proper service of papers. This court has held that the effect is, in a case of this kind, to take the property of the corporation into the custody of the law, and that the court has power to preserve and protect it. As was said in *Heidritter* v. *Elizabeth Oil Cloth Co.* (112 U. S. 305),

"when the object of the action requires the control and dominion of the property involved in the litigation, that court which first acquires possession, *or that dominion which is equivalent*, draws to itself the exclusive right to dispose of it." That dominion was acquired by the order appointing the receiver in this proceeding.

The same principle was declared in *U. T. Co.* v. *R. R. Co.* (6 Biss. 197); *Steele* v. *Sturges* (5 Abb. Pr. 442); *Texas Trunk R. Co.* v. *Lewis* (81 Texas, 1).

Different considerations apply upon a motion to punish as for a contempt, an alleged interference of a third person with property in regard to which a receiver may have been appointed, but of which he has not yet taken actual possession. In the case of *Albany City Bank* v. *Schermerhorn* (9 Pai. 372) the chancellor reversed the decree of the vice-chancellor adjudging the appellants to be in contempt because the facts were not sufficient to enable the chancellor to judge whether the parties were or were not in contempt. The question was one of procedure, whether it was proper to proceed as for a contempt for the purpose of enforcing the actual delivery of property to the receiver. The court held such proceeding was improper where the receiver had never had actual possession, although his right to possession flowed from the order appointing him. The question now before the court was neither involved, discussed nor decided in the case cited. A party might not be guilty of contempt in taking control of property not actually seized by the receiver and while such party was in ignorance that a receiver had been appointed, and yet the property thus interfered with may, notwithstanding, have been in the custody of the law, and jurisdiction over it may unquestionably have existed in the court which appointed the receiver.

Our decision here does not affect the legal rights of the libellants in the vessels in question. The receiver will be obliged in this proceeding to distribute the proceeds arising from a sale of the property among the creditors of the corporation, as their priority of rights may appear and be held valid.

We think the order was right, and it should be affirmed, with costs.

All concur.

Order affirmed.