In re STORM et al.

(District Court, E. D. New York.  July 27, 1900.)

1. MANUFACTURING CORPORATION—ACT OF BANKRUPTCY—PREFERENCE— DISSO-
   LUTION OF CORPORATION.

   A manufacturing corporation, which has permitted three judgments to
   be taken against it, and executions to be issued thereon, and its property
   to be advertised for sale thereunder, and which thereafter institutes pro-
   ceedings for the dissolution of the corporation, is chargeable with having
   committed an act of bankruptcy, within Bankr. Act, § 3a, subd. 3, providing
   that an act of bankruptcy may be committed by suffering or permitting,
   while insolvent, any creditor to obtain a preference through legal proceed-
   ings, and not having vacated or discharged the same at least five days
   before sale.

2. SAME—DISSOLUTION OF CORPORATION.

   The commencement of voluntary proceedings for the dissolution of a
   manufacturing corporation does not have the effect to extinguish the liens
   of all levies on executions against the corporate property, so as to relieve
   the corporation from the operation of Bankr. Act, § 3, subd. 3, providing
   that an act of bankruptcy is committed by permitting a creditor to obtain
   a preference through legal proceedings, and not having discharged the same
   at least five days before sale.

Charles De Hart Brower, for petitioner.
Paul Grout, for alleged bankrupt.

THOMAS, District Judge.  The question is whether the alleged
bankrupt has committed an act of bankruptcy.  If so, the act falls
under section 3, subd. 3, whereby it must have "suffered or permitted,
while insolvent, any creditor to obtain a preference through legal pro-
ceedings, and not having at least five days before a sale or final dis-
position of any property affected by such preference vacated or dis-
charged such preference."  Between the months of May and November,
1899, several judgments were recovered against the alleged bankrupt,
and executions thereon placed in the hands of the sheriff of the
county of Kings.  In November such officer advertised certain per-
sonal property for sale on December 1st.  Two notices of sale were
duly posted six days before the sale, but there is a conflict of evidence
respecting the third notice, as the person who posted it was not pro-
duced by either party.  However, the third notice was posted six
days previous to December 1st, the day appointed for sale, because
the deputy sheriff states that he saw it after it was posted, and
that he saw it a day or so after its date.  Its date was November
23d; hence he saw it November 24th or 25th.  It was delivered to
the officer's assistant, for posting, November 23d, and the fact that
the deputy sheriff saw it posted on the 24th or 25th is sufficient
evidence of due posting.  It is contended on the part of the alleged
bankrupt that the voluntary proceedings for the dissolution of the
corporation vacated the preference, while it is urged on the part of
the petitioner that the proceedings confirmed the preference, inas-
much as the lien created by the levy upon personal property would
be confirmed.  The levy of the execution created a lien, and the at-
tention of the court is called to no statute providing that the volun-
tary proceedings should discharge the lien.  The alleged bankrupt con-

tends that voluntary proceedings taken by a corporation for dissolution extinguish the liens of all levies on executions. But it is not thought that a corporation may in such manner escape the effect of a levy upon its property. Hence it is concluded that the alleged bankrupt suffered numerous judgments to be entered against it, executions to be issued thereon, levy to be made, and property to be advertised for sale, and before the sale took proceedings calculated to continue the benefit of the levy. The act of bankruptcy was committed, and this court has jurisdiction to proceed with the administration of the estate.