## In re LENGERT WAGON CO.

### (District Court, S. D. New York. October 9, 1901.)

1. BANKRUPTCY—JURISDICTION OF BANKRUPTCY COURT—INSOLVENCY PROCEEDINGS IN STATE COURT.

Bankruptcy proceedings properly instituted vest the court of bankruptcy with exclusive jurisdiction to administer the estate of the bankrupt, and oust the jurisdiction of a state court which has appointed a receiver in insolvency proceedings, and a receiver appointed by the court of bankruptcy is entitled to possession of the property.

2. SAME—PROPERTY IN POSSESSION OF STATE RECEIVER.

Under the rule of comity between federal and state courts, a receiver appointed by a court of bankruptcy will be required to apply to a state court for an order requiring its own receiver to turn over property of the bankrupt of which it has obtained possession in insolvency proceedings.

In Bankruptcy. On motion to compel a receiver appointed in proceedings in a state court to turn over property of a bankrupt corporation.

Edwin C. Dusenbury, for receiver in bankruptcy.

George W. Carr, for receiver in state court.

ADAMS, District Judge. Certain judgments were entered against the Lengert Wagon Company in the supreme court of the state of New York, and thereunder, on the 20th of September, 1901, property of the corporation was levied upon by the sheriff of New York county under executions issued upon the judgments. Thereafter proceedings were instituted in the state court by the directors of the corporation for a voluntary dissolution thereof on the ground of the insolvency of the corporation, and a temporary receiver of the property and effects of the corporation was appointed by an order of the court dated the 23d of September, 1901. The receiver under this order did not obtain possession of the property from the sheriff, but it is contended that his title related back to the date of his appointment, and he was entitled to the actual possession. In re Christian Jensen Co., 128 N. Y. 550, 553, 28 N. E. 665; In re Schuyler's Steam Towboat Co., 136 N. Y. 169, 32 N. E. 623, 20 L. R. A. 391; Moran v. Sturges, 154 U. S. 256, 283, 14 Sup. Ct. 1019, 38 L. Ed. 981. On the 25th of September, 1901, involuntary proceedings against the corporation were commenced in this court. On the 27th of September, 1901, a receiver of the property of the bankrupt was appointed under section 2 (3) of the bankruptcy act, and an attempt made by him to

obtain possession of the property. This was resisted by the receiver and sheriff in the state court, and the receiver in this court now applies for an order specifically directing those officers to turn the property over to him. The contention on their part is that, as the state court obtained jurisdiction of the matter and possession of the property before the proceedings were instituted in this court, the possession cannot be disturbed by process issued from this court; citing In re Chambers, 3 Am. Bankr. R. 537, 98 Fed. 865; Trust Co. v. Benbow, 3 Am. Bankr. R. 9, 96 Fed. 514. But the proceeding in the state court is one incident to the insolvency of the corporation, and it seems to be well settled that the bankruptcy act gives exclusive jurisdiction to the United States courts in such matters, where proceedings are properly instituted, and ousts the state courts of all jurisdiction with respect to the possession or distribution of insolvent estates. Tua v. Carriere, 117 U. S. 201, 6 Sup. Ct. 565, 29 L. Ed. 855; In re Smith (D. C.) 92 Fed. 135; In re Independent Ins. Co., Fed. Cas. No. 7,018; Thornhill v. Bank, Fed. Cas. No. 13,992; Griswold v. Pratt, 9 Metc. (Mass.) 16; In re Storm (D. C.) 103 Fed. 618. The receiver of this court is therefore entitled to the custody of the property, but in view of the comity which exists between the federal and state courts, and the fact that the receiver is an officer of the state court, and acting under its immediate direction, application should be made to it for a proper order in the case. In re Lesser (D. C.) 100 Fed. 433, 439. In the meantime the receiver in the state court will be restrained from disposing of the property in any way.

When the property is delivered to the receiver of this court, the sheriff may apply here for the allowance of his reasonable disbursements.