(85 App. Div. 320.)

NATIONAL BROADWAY BANK et al. v. SAMPSON et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. RECEIVERS—APPOINTMENT—EFFECT—SUBSEQUENT ATTACHMENT OF DEBTS—JURISDICTION OF APPOINTING COURT.

A debt due an insolvent corporation from a special partnership organized and doing business in the same state, which debt has been placed in the custody of the receiver of the corporation by the courts of that state, the order appointing the receiver having been served on the partnership, is not afterwards subject to attachment in the courts of another state.

2. APPEAL—OBJECTIONS WAIVED—TESTIMONY INTRODUCED BY OBJECTOR.

Plaintiff cannot on appeal first object to a defense of defendant on the ground that it was not set up in the answer, where plaintiff itself first brought out the testimony substantiating that defense.

Action by the National Broadway Bank and another against Oscar H. Sampson and others, in which a verdict was directed for plaintiff. On motion by defendants for new trial on exception ordered to be heard in the first instance at the Appellate Division. New trial ordered.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

C. E. Hughes and G. A. Strong, for the motion.
H. B. Twombly, opposed.

PATTERSON, J. This case comes before us upon exceptions ordered by the trial judge to be heard in the first instance at the Appellate Division, a verdict having been directed for the plaintiff. The action was brought under section 677 of the Code of Civil Procedure to recover, for the National Broadway Bank and the Central National Bank of the City of New York, attaching creditors of the Bennett Manufacturing Corporation, of Massachusetts, a certain indebtedness of O. H. Sampson & Co. to the Bennett corporation, it being claimed by the plaintiffs that attachments were levied on the indebtedness on the 19th and 20th of April, 1897. All the members of the firm of O. H. Sampson & Co. were made parties defendant to the present action, but Eugene H. Sampson and Charles E. Sampson alone appeared. Eugene H. Sampson died before the trial, and the action was not revived as against his representatives. The verdict directed by the court below was against Charles E. Sampson only. The Bennett Manufacturing Corporation was, as stated, a foreign corporation. O. H. Sampson & Co. was a limited partnership, organized under the laws of the state of Massachusetts, and doing business at Boston, in that state. The special partnership seems to have expired in April, 1897. Before that time it was the selling agent of the Bennett Manufacturing

Corporation. It had its principal place of business at Boston, but maintained in the city of New York a branch office, at which it received orders for goods of the Bennett corporation. At the time of the expiration of the partnership of O. H. Sampson & Co. it owed the Bennett corporation the sum of $25,000. As before stated, the attachments in aid of which this action was brought were issued on the 19th and 20th of April, 1897, and a levy was made, or attempted to be made, upon the indebtedness due by O. H. Sampson & Co. to the Bennett corporation, service of the warrant and notice being upon one partner of the firm residing in the city of New York. It thus appears that the debt sought to be attached was due by a nonresident special partnership to a foreign corporation; that the nonresident partnership had had a place of business in New York, and that one of its members resided in the city of New York at the time the levy was made, or sought to be made; and it is claimed in the first place by the defendant that the debt was not susceptible of attachment in the state of New York, because its situs was not in that state, but in the state of Massachusettts.

We do not consider it necessary to determine in this case whether an effective attachment could be made in any event of this indebtedness in the state of New York, one of the members of the dissolved firm residing here. It is plain, however, that the courts of Massachusetts had jurisdiction over the copartnership and its assets, and that the debt had a situs in that state. It was made to appear on the trial that on the 15th day of April, 1897, the courts of Massachusetts placed in the custody of receivers all the assets and credits of the Bennett Manufacturing Corporation, which included the indebtedness of O. H. Sampson & Co. to that corporation, and hence the right and title to the claim against O. H. Sampson & Co. had passed from the control of the Bennett Manufacturing Corporation. By the order of appointment of the receivers the Bennett Manufacturing Corporation was directed to deliver to them all its stock in trade, its effects and property of every kind and nature, and all money, notes, drafts, bills of exchange, checks or other dividends, any indebtedness due and owing to the said corporation, together with all books of account, accounts, receipts, vouchers, and papers of every nature belonging to or pertaining to such corporation, and the receivers were required to call in all the outstanding debts and moneys due to or on account of the business of the corporation. The order appointing the receivers was served upon O. H. Sampson & Co, in Boston on April 17, 1897, and this order and its service upon O. H. Sampson & Co. we think had the effect of making such a change in the title and right to this indebtedness as would prevent its being attached here at the suit of a creditor of the Bennett Manufacturing Corporation. The debt was taken into the custody of the Massachusetts court. In New York, where property is thus situated, the title passing to a receiver, it would not be subject to attachment at the suit of a creditor. Matter of C. J. Co., 128 N. Y. 550, 28 N. E. 665. This is not the case of the courts of another state seeking to interfere with property the situs of which is outside of that state. The debt undoubtedly had a situs in Massachusetts, and the debtor and creditor both resided

in that state. One was a special partnership created under the laws of that state, and doing business therein, and the other was a corporation of that state. The most that could be said would be that there was a concurrent jurisdiction of the Massachusetts and the New York courts, and that of the Massachusetts court was the first exercised. We understand the rule to be that the court first acquiring jurisdiction draws to it the exclusive right to control the property involved in the litigation. Heidritter v. Elizabeth Oilcloth Co., 112 U. S. 294, 5 Sup. Ct. 135, 28 L. Ed. 729. The case cited was referred to with approval in the opinion of the court by Peckham, J., in the Matter of Schuyler Steam Tow Boat Company, 136 N. Y. 176, 32 N. E. 623, 20 L. R. A. 391, where, quoting from the Heidritter Case, it is said that, "when the object of the action requires the control and dominion of the property involved in the litigation, that court which first acquires possession, or that dominion which is its equivalent, draws to itself the exclusive right to dispose of it." Judge Peckham further says: "That dominion was acquired by the order appointing the receiver in this proceeding. The same principle was declared in U. T. Co. v. R. R. Co., 6 Biss. 197, Fed. Cas. No. 14,401; Steele v. Sturges, 5 Abb. Prac. 442; Texas Truck R. Co. v. Lewis, 81 Tex. 1, 16 S. W. 647, 26 Am. St. Rep. 776."

It is urged, however, that the defendant Sampson cannot avail himself of the claim that the title to the indebtedness had passed to the receivers before the attachments of the plaintiff and the Central Bank were granted, inasmuch as no such defense was set up in the answer. That view might prevail, were it not for the fact that the evidence respecting the appointment of the receivers appears to have been introduced into the case by the plaintiff. The first reference we find in the record to a receivership is in testimony brought out by the plaintiff; and, further than that, the order of the Massachusetts court appointing the receivers was read in evidence by the plaintiffs, and is one of their exhibits. Having thus introduced this evidence, it is too late to object to it on this appeal.

For the reason above assigned, the exceptions must be sustained, and a new trial ordered, with costs to defendant to abide the event. All concur.