JOSEPH MANDEVILLE AND OTHERS, APPELLANTS v. RODERICK
BURT, COMPLAINANT.

SAME APPELLANTS v. J. AND W. SOUTHGATE, COMPLAINANTS.

SAME APPELLANTS v. WILLIAM NEALE, ADMINISTRATOR OF
FRANCIS KEENE, COMPLAINANT.

SAME APPELLANTS v. ALEXANDER SANGSTON, COMPLAINANT.

SAME APPELLANTS v. JOHN AND REUBEN WITHERS, COMPLAIN-
ANTS.

SAME APPELLANTS v. THOMSON MASON, ADMINISTRATOR.

These cases were submitted to the court by Mr Lee, for the
appellants; no counsel appeared for the appellees.

Mr Lee stated,

Mr Chief Justice MARSHALL delivered the opinion of the Court.

This is an appeal from a decree pronounced by the circuit court of the United States for the District of Columbia, sitting in chancery, for the county of Alexandria.

'A subpœna, which was regularly issued, was served on some of the defendants; after which the record states, that the complainant appeared by his attorney, and filed his bill, which was taken for confessed against those defendants on whom process was served. The clerk certifies, that no bill appears among the papers in the cause.

Several answers are then filed, which purport to be answers to a bill filed, not by the plaintiff, Roderick Burt, but by Romulus Riggs. The record contains several accounts, and a report by certain trustees of an unchartered bank, the members of which, as may be inferred from the statements on the record, are the defendants in this case, against whom the suit is brought, to recover a note or notes held by the plaintiff. The court then proceeds to render a decree in the cause, from which the defendants have prayed an appeal to this court.

There being no bill, the court cannot inquire into the merits of this decree. The regular course of proceeding would be, on the suggestion of diminution, to award a certiorari for a fuller record. But no counsel appears to suggest diminution, or ask for a certiorari; and the court is satisfied that no fuller record could be brought up.

In the year 1817, several suits were brought against sundry individuals who had associated to form a bank called the Mer-

chants Bank of Alexandria. The proceedings were regularly carried on in one of them, brought by Romulus Riggs; and a decree was pronounced by the court, from which the defendants appealed. On a hearing, the decree was reversed, (a) and the cause remanded for further proceedings, in conformity with certain principles prescribed in the decree of reversal. It appears that decrees were pronounced in all the causes, though regular proceedings were had only in the case of Romulus Riggs. Under such circumstances the court can only reverse the decree for want of a bill. Under the particular circumstances, the whole business appearing to have been conducted in the confidence that the pleadings in the case of Romulus Riggs could be introduced into the other causes, the case is remanded to the circuit court, with directions to allow a bill to be filed, and to proceed thereon according to law.

This cause came on to be heard on the transcript of the record from the circuit court of the United States, for the District of Columbia, holden in and for the county of Alexandria, and was argued by counsel; on consideration whereof, it is the opinion of this court, that the decree of the said circuit court, under the circumstances of the case, should be reversed, for the want of a bill; and that the cause should be remanded to the said court, with directions to allow a bill to be filed, and to proceed thereon according to law. Whereupon it is considered, ordered and decreed by this court, that the decree of the said circuit court in this cause be, and the same is hereby reversed for want of a bill; and that this cause be, and the same is hereby remanded to the said circuit court, with directions to allow a bill to be filed in this cause, and to proceed thereon according to law.

(a) 2 Peters 482.