MOSES E. LEVY, APPELLANT v. FERNANDO DE LA MAZA ARRE-
DONDO AND JUAN DE ENTRALGO, APPELLEES.

In the superior court of East Florida, the complainant filed a bill claiming compen-
sation for the non-performance of certain contracts for the sale of lands in East
Florida, referring to the contracts; the contents of which are stated to be set out
in the bill of the complainant, which was replied to by the defendants. The con-
tracts were not proved in the cause by testimony; nor was the non-production of
them duly accounted for, on secondary evidence of the contents thereof, as far as
practicable; given before the superior court. The Supreme Court, for this defect
and imperfection in the proceedings, had not sufficient evidence before them to
found any final and satisfactory decree. The decree of the court of appeals of
East Florida, and the decree of the superior court of East Florida, was t erefore
reversed, and the cause remanded to the court of appeals, to allow the pleadings
to be amended, and the documents referred to, or the contents of the same, to be
duly authenticated and proved, &c.

APPEAL from the court of appeals of Florida.

This case was argued on the merits by Mr. Preston and Mr.
Thompson, for the appellant; and by Mr. Jones for the defendant.

The Court considered, that a certain contract between the appel-
lant and Fernando de la Maza Arredondo, of 22d January, 1822, and
a contract between the complainant and Joseph M. Arredondo, of
13th July, 1824, which had been referred to in the proceedings in
the courts below, and which were not in the record, were necessary
to the decision of the cause, made the following order; which was
delivered by Mr. Justice WAYNE.

The Court has had this case under frequent consultation since the
argument of it, and, as there is much diversity of opinion among the
judges, in regard to the effect which the contract of the 22d January,
1822, between the complainant and Fernando M. Arredondo, junior,
and also in regard to the effect which the contract of the 13th July,
1824, between the complainant and Joseph M. Arredondo, would
have upon the rights and equities of the parties; and it being con-
sidered, from the manner the complainant has set out those con-
tracts in his bill, and from the manner they are replied to by the
defendant, Arredondo, that they are substantially exhibits in the

cause, which should have been annexed by the complainant to his bill; and which the superior court of, the eastern district of Florida might have called for before it proceeded to make any decree in the cause; it is determined by this Court, without giving any opinion upon the decision of the court of appeals of Florida in the cause, to reverse that decree, and also to reverse the decree of the superior court of East Florida, in the cause upon which it was carried up by appeal to the court of appeals: and both of the same are hereby reversed: and the Court remands the cause for further proceedings; making it obligatory upon the complainant to produce, on the trial, the contracts of the 22d January, 1822, and that of the 13th July, 1824, or satisfactorily to account for the same: with liberty to the parties in the cause to use, on such trial, the evidence already taken, and to adduce such other evidence as either may offer in proof of their respective equities; and to amend their bills and answers: including any answer which the defendant, Entralgo, may offer to make to the complainant's bill; upon such terms as the court below may impose, upon any application made by Entralgo or his counsel to set aside the order, pro confesso, against him.

This cause came on to be heard on the transcript of the record from the court of appeals for the territory of Florida, and was argued by counsel. On consideration whereof, it is the opinion of this Court, that the contract of 22d January, 1822, between the complainant and F. M. Arredondo, Jr., and also the contract of 13th July, 1824, between the complainant and F. M. Arredondo, from the manner in which they are set out in the bill of complainant and replied to by the defendant, are such exhibits as ought to have been annexed by the complainant to his bill in the superior court for the district of East Florida, and ought to have been proved as evidence in the cause, or the non-production thereof duly accounted for, and secondary evidence of the contents thereof, as far as practicable, given, before the superior court of the territory of Florida proceeded to render any decree in the premises: that for this defect and imperfection in the proceedings, this Court have not sufficient materials before them whereon to found any final and satisfactory decree; and that justice requires that the cause should be opened in the court below for further proofs, as well in regard to the documents aforesaid, as in regard to any other evidence which may further establish the merits of the case on either side. It is, therefore, ordered, adjudged

and decreed by this Court, that the decree of the said court of appeals of the territory of Florida, and also the decree of the superior court of the said territory be, and they are hereby reversed and annulled. And it is further ordered, adjudged and decreed by this Court, that the cause be remanded to the said court of appeals, with directions to allow the pleadings in the said cause to be amended by the parties; the documents aforesaid, or the contents thereof, to be duly authenticated and proved; and such other proceedings in the cause to be had as to justice and equity shall appertain. And the said court of appeals is either to cause such further proceedings aforesaid to be had before itself, or the cause remanded to the said superior court for the same purposes, as the one or the other course may be proper, or may be required by the constitution of the said courts, and the laws and practice appertaining thereto. And it is also decreed that each party pay his own costs in this Court.

Mr. Justice BALDWIN dissented.