Mr. Justice NELSON
 

 delivered the opinion of the court.
 

 It does not appear from the proofs in the ease, that executions had been issued:, and returned unsatisfied, as averred in the bill, and for the proof of which the answer of defendants called; and it is objected by the counsel for the appellees that this defect is fatal to the right of the complainants to maintain their bill. This would be so., if the appellees, against whom the decree was rendered, had appealed from
 
 *196
 
 the same, as in the case
 
 of Jones
 
 v.
 
 Green.
 

 *
 

 See also,
 
 Day et al.
 
 v.
 
 Washburn et al.
 

 †
 

 But here the complainants only have appealed, and the rule is settled in the appellate court, that a party not appealing cannot take advantage of an error in the decree committed against himself, and also, that the party appealing, cannot allege error in the decree against the party not appealing.
 
 ‡
 
 If the appellees desired to avail themselves of this error- in the decree, they should have .brought a cross appeal. By omitting to do so, they admit-the correctness of the decree as to them. The.case stands before the appellate tribunal the same as if the error had been waived at the hearing.
 

 This brings the case down to the question as to the effect to be given to the suit in the State court; and to the order of that ■ court appointing a receiver, anil directing the defendants to assign and set over to him all the effects of the judgment debtor in their hands, under his assignment of the 4th of November, 1857.
 

 The bill in- the Circuit Court of the United States, to set aside the assignment to these defendants as fraudulent against creditors, was first filed, and consequently-operated as the first lien upon the effects of Brewster, the judgment debtor.
 

 We agree that the defendants, as bailees and trustees of the property intrusted to their care and management for the benefit of the creditors of Brewster, were responsible only for common or ordinary diligence,. such as prudent men exercise in respect to 'their own private affairs. But this degree of ¿iligenee the law exacts, and the courts of justice are bound to enforce. When,-therefore, the bill was-filed against' them- by the judgment creditors in the .Circuit Court of th-e United States, to set aside the assignment as fraudulent, it was their duty, arising out of their acceptance of the trust, to appear and defend the suit, as they have done, and
 
 *197
 
 protect their title to the fund in controversy, so far as the nature of the transaction and the fáets and circumstances of the cabe would admit or warrant. Their whole1 duty appears to have been discharged-in this respect, and we perceive no ground of complaint against them. But, this, duty was equally incumbent upon them in respect to the suit in the State court. They should have appeared and defended that suit;- and, in addition to the defence on the merits, that is of their faithful execution of the trust, which was impeached by the bill, they should have set up the pending proceedings against them in the Federal court, which tribunal had first acquired jurisdiction over them, and over the fund in dispute, and were entitled to deal with it, and with all’questions growing out of the relations existing of debtor and creditor of the parties concerned. Instead, however, of pursuing this.course, no defence, as appears was set up by the defendants to the suit; no answer filed, nor even opposition made to the motion for the appointment of a receiver. The only part they seem to have taken in the proceedings is, besides acknowledging service of the notice of the motion for a receiver, the solicitors entered their appearance in' the cause, and gave consent that the motion might be made at the then February Term of the court. It was at once made, and the receiver appointed and gave the .requisite security.
 

 Now, we think, here was a clear omission of duty on the part of the defendants, as-trustees and bailees of the property in question, and for which they should have been held personally responsible. They should . have appeared and defended the suit in the State court, and set up the pending^ proceedings in the Federal court, which was a complete answer to the jurisdiction of the former; and if this defence had been overruled, a remedy existed by a writ of error to this'court, under the 25th section of the Judiciary Act.
 

 The court below, therefore, erred in excepting from the transfer of the effects of the judgment' creditors in the hands of the defendants to Moulton, the receiver; the property and effects transferred to Mitchell, under the order of the State court. For this error, the decree of' the court below .must
 
 *198
 
 be reversed, and the cause remanded to the court below, with directions to' proceed on the same in conformity with this opinion;, but liberty is given to the defendants to require proof before the court of the issuing of executions and return •unsatisfied, as averred in the bill of complaint.
 
 *
 

 DECREE, ETC., ACCORDINSLY.
 

 *
 

 1 Wallace, 330.
 

 †
 

 24 Howard, 355, 356.
 

 ‡
 

 Kelsey
 
 v.
 
 Weston, 2 Comstock, 505; Norbury
 
 v.
 
 Meade, 3 Bligh, 261; Mapes
 
 v.
 
 Coffin, 5 Paige, 296; Idley
 
 v.
 
 Bowen, 11 Wendell, 227.
 

 *
 

 Levy
 
 v.
 
 Arredondo, 12 Peters, 218; Marine Insurance Company v. Hodgson, 6 Cranch, 206; Mandeville
 
 v.
 
 Burt, 8 Peters, 256-7.