## Case No. 14,401.

UNION TRUST CO. v. ROCKFORD, R. I. & ST. L. R. CO.

[6 Biss. 197;[1] 7 Chi. Leg. News, 33.]

Circuit Court, N. D. Illinois. Oct. 20, 1874.

COURTS—CONFLICT OF JURISDICTION.

1. It is the settled rule of law that the court which first takes cognizance of the controversy is entitled to retain jurisdiction to the end of the litigation, and to take possession and control of the subject-matter of the litigation, to the exclusion of all interference from other courts of co-ordinate jurisdiction.

[Applied in Gaylord v. Ft. Wayne, M. & C. R. Co., Case No. 5,284. Cited in Owens v. Ohio Cent. R. Co., 20 Fed. 13; Judd v. Bankers' & Merchants' Tel. Co., 31 Fed. 183; Reinach v. Atlantic & G. W. R. Co., 58 Fed. 44; Wadley v. Blount, 65 Fed. 674; Wheeler v. Walton & Whann Co., Id. 722; Cohen v. Solomon, 66 Fed. 415; Hatch v. Bancroft-Thompson Co., 67 Fed. 809.]

[Cited in Smith v. Ford, 80 Iowa, 626, 45 N. W. 1031; Id., 2 N. W. 159; State v. Ross (Mo. Sup.) 23 S. W. 202; Re Schuyler's Steam Towboat Co., 136 N. Y. 176, 32 N. E. 623; Texas Trunk Ry. Co. v. Lewis (Tex.) 16 S. W. 648.]

2. This rule does not require that the court first taking jurisdiction of the case shall also first take possession of the property; and prior seizure from another court does not give priority of jurisdiction.

3. The power of the court over its judgments, to set aside, modify or annul, is unlimited during the term at which they were rendered.

4. Where a demurrer to a bill is sustained and bill dismissed, the court may, during the term, set aside its dismissal and restore the case without losing its jurisdiction, and a state court cannot, by taking jurisdiction during this interval, oust or supersede the jurisdiction of this court. The case stands precisely as though no order of dismissal had been made.

[Cited in Adams v. Mercantile Trust Co., 15 C. C. A. 1, 66 Fed. 620.]

5. The cases where courts have refused to set aside their judgment and proceed with the case, in order to protect their parties acting in good faith, are cases of equitable discretion, not of right, and do not contravene the rule.

At law.

Lyman Trumbull, for Union Trust Co.

Lawrence, Winston, Campbell & Lawrence, for Nickerson.

Osborn & Curtis, for Rockford, R. I. & St. L. R. Co.

Before DRUMMOND, Circuit Judge, and BLODGETT, District Judge.

BLODGETT, District Judge. It is not proposed to review at length the able and exhaustive argument of the counsel for the respective parties in this case, as it seems to us that a few of the propositions discussed are sufficient for the purpose of this motion. The main question arising is one of great delicacy, and the history of the jurisprudence of this country shows a most commendable disposition on the part of both the federal and state courts, not to impinge upon each other's jurisdiction; but the delicate nature of the matter furnishes no reason why the court to which jurisdiction belongs should not firmly assert and maintain its rights. The subject of this controversy is equally within the jurisdiction of the state and federal courts, always assuming the jurisdiction of the federal courts to be invoked by persons authorized to bring suit in those courts.

It will hardly be necessary to cite authorities to show that it is, and has long been, the settled rule of law in all cases of conflict

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

of jurisdiction, that the court which first takes cognizance of the controversy is entitled to retain jurisdiction to the end of the litigation, and incidentally to take the possession of or control the res, the subject-matter of the dispute, to the exclusion of all interference from other courts of co-ordinate jurisdiction. Bell v. Ohio. L. & T. Co. [Case No. 1,260]; Riggs v. Johnson Co., 6 Wall. [73 U. S.] 166; Bill v. New Albany, etc., R. R. [Case No. 1,407]; 1 Abb. U. S. Prac. 223, and cases cited. The proper application of this rule does not require that the court which first takes jurisdiction of the case shall also first take, by its officers, possession of the thing in controversy, if tangible and susceptible of seizure, for such a rule would only lead to unseemly haste on the part of officers to get the manual possession of the property; and while the court first appealed to was investigating the rights of the respective parties, another court, acting with more haste, might, by a seizure of the property, make the first suit wholly unavailing. To avoid such a result, the broad rule is laid down that the court first invoked will not be interfered with by another court while the jurisdiction is retained.

It is also equally well settled that the power of a court over its judgments, to set aside, modify or annul, is unlimited during the entire term at which such judgments are rendered. Doss v. Tyack, 14 How. [55 U. S.] 297; O'Conner v. Mullen, 11 Ill. 116; Walden v. Craig, 14 Pet. [39 U. S.] 147.

The common law rule, that an execution will not issue until the close of the term, is but a familiar illustration of the proposition. So, too, as a general rule, the liens of judgment do not attach till the close of the term, and all for the reason that during the term a judgment is in fieri in the breast of the court, liable to such modifications or reversal as shall seem best to subserve the ends of justice.

The right of a court of equity to allow amendments to a bill, and to allow the filing of a supplemental bill at any time during the term, after having sustained a demurrer to the bill, was conceded upon the argument to be a general rule, subject, however, to the exception contended for, that when the court, by its judgment on the demurrer, dismissed the case out of court, it could not resume jurisdiction as against third parties who had in good faith acquired rights while the judgment of dismissal remained in force.

Applying these propositions to the facts of this case, we find that this court, on the 20th of July last, sustained a general demurrer to complainant's bill, and entered judgment dismissing the suit. On the 22nd of July, Nickerson filed his bill in the state court, and made his motion for a receiver. On the 24th of July, which was yet of the same term at which the demurrer was sustained, the order dismissing the cause was set aside in this court, on motion of the complainant's

solicitors, and leave to amend and file a supplemental bill given; and on the 25th of July, Nickerson, by consent of the defendant, obtained an order, appointing receivers in the Henry county circuit court. The solicitors of Nickerson had notice of the motion to amend in this court, and under the facts in this case, Nickerson is chargeable with notice of the action of this court in the premises, and that this court had resumed jurisdiction of the suit before he took his order appointing a receiver. Nickerson was not a stranger to this suit. He had appeared by his counsel on the argument of the demurrer, and resisted the complainant's suit, although not technically a party to the record. He was then chargeable with actual as well as constructive notice that this court might, at any time during the July term, set aside its judgment on the demurrer and proceed with the case. When the order was made by this court, setting aside its judgment of dismissal, the case stood as if that judgment had never been rendered. The court had never lost jurisdiction. Suppose, for illustration, the complainant had appealed within sixty days, as he might, or at any time during the term, from the judgment of this court, and the appellate court had reversed our judgment, it would not, of course, be contended that the jurisdiction of another court could attach by any form of proceeding so as to divest this court of jurisdiction; and yet a complainant is not bound, in order to save jurisdiction, to pray an appeal instanter a judgment or decree is rendered against him. He may lie still and take no action for days, perhaps months, and then by taking his appeal in due form all rights of jurisdiction are preserved intact. So, too, instead of resorting to an appellate court, the complainant may ask this court to revise its own order or decree, and in furtherance of justice such request may be granted and the former judgment annulled and set aside any time during the term.

We find, then, that this court had not lost jurisdiction of this case when the suit in Henry county was commenced; and although the suit was technically dismissed on our record, from the 20th to the 24th of July last, yet it was all the time subject to the power of the court to set aside that order; and Nickerson could not, by commencing a suit in another county, supersede the jurisdiction of this court over the subject matter. Undoubtedly cases may be found where courts have in their discretion refused to set aside their judgment, and proceed with the case, after having once dismissed it, where the rights of parties, acting upon the faith that the dismissal was final, had intervened; but such cases are an exception to the general rule, as a matter of equitable discretion, rather than of right, and are for the protection of those acting in good faith. In this case, both Nickerson and the defendant, the railroad company, seem to have left this court, and rushed in haste into the state court,

and there consented to the appointment of receivers, while they had strenuously resisted such appointment here. This fact, with others, appearing in the record, tends strongly to prove that the proceeding in the Henry county circuit court was not commenced by Nickerson in good faith, and that the case does not come within the exceptions which have been cited.

[We come for a moment to consider the amendments and supplemental bill, and the objections made thereto. The amendments only state, with greater particularity, certain matters alluded to in the original bill, and seem upon their face to make a clear case for the intervention of a court of equity; at least to restrain waste, and prevent diminution of the bond-holder's security. Standing alone, these allegations might not justify the appointment of a receiver; but so long as they make out a case for equitable relief, this court, as the first to assert jurisdiction, must retain it over the property, to give such relief as the complainant is entitled to under his bill and proof. The supplemental bill shows clearly that the inchoate right of foreclosure under the mortgage has ripened by the continuance of the default in the payment of interest for upwards of six months, and seems to us germain to the subject matter of the original bill. The motion to strike these amendments and supplemental bill from the files must therefore be overruled.] [2]

The necessity for the appointment of a receiver was not discussed on the argument, for the reason, as we infer, that the defendant, by consenting to such an appointment by the state court, has virtually admitted its necessity.

DRUMMOND, Circuit Judge. I concur in general in the views of the district judge. I may be allowed to express the hope that there will be no trouble growing out of this decision, and that the state court will not insist upon its receiver retaining control of the property. If it should, it may then become a question for this court to determine what course shall be pursued if the receiver appointed by this court shall seek to obtain possession of the property, and should be resisted by the receiver appointed by the state court. The only question there is in this case is whether the appointment of a receiver by the state court is of such a character as to confer rights which are to be protected under the rule already stated. During the interregnum between the dismissal of the case in this court, and its resumption by the order setting aside that dismissal, has anything occurred so that the rights of other persons need protection? They are such only in this case as grow out of the appointment of the receiver by the state court. It cannot be said that Nickerson has himself acquired any special rights or interests which are to be affected. It is only

whether the state court should maintain its control over the property. Now, conceding that there might have been during this interval rights acquired by third parties which should be protected by this as well as all courts, what was the status of the case at the time that the receiver was appointed? If we concede that Nickerson might commence a suit in the state court for the appointment of a receiver to take possession of the property the same as was asked by the plaintiff in the original case in this court, when this court resumed control of the case, as it did by its order of the 24th of July setting aside the previous order of dismissal, then Nickerson and his counsel should have suspended all proceedings in the state court as to the appointment of a receiver. Whatever may be said as to the order of dismissal, the cause then stood precisely, as my brother judge has said, as though no order of dismissal had ever been made; and it presents, therefore, a case where there was, at the time that the order was made by the state court for a receiver, a bill pending in this court which also asked for a receiver of the same property, and of which this court had jurisdiction.

These conflicts, of course, are always unpleasant to us. We desire to proceed harmoniously with the state courts and state judges. We cannot, however, shrink from duties imposed upon us, where we have once obtained jurisdiction of a case, as we think we have here. We believe that it is our duty to maintain it, according to well-settled principles. And we trust that there may be no such conflict between the state and federal courts in this instance as has been intimated.

However this may be, we have to proceed according to our views of law and equity in the case. We would hope that there will be no controversy about the person to be appointed receiver. If the plaintiff can suggest some name, and the counsel on the other side have no objection, we shall appoint him. But if they object, we may appoint one of our own motion.

[It was then stated by the court that the parties might have until Saturday next to determine upon their action.] [3]