BEAN, *Plaintiff in Error, v.* CONWAY SAVINGS BANK.

A party cannot complain of an error which has done him no harm.

A judgment is not reversible for error if immediately after the reversal the same judgment must be again rendered.

An irregularity in correcting a mistake apparent upon the record of a judgment is not ground for error.

Where conditional judgment in a foreclosure suit is rendered for a sum greater than the amount due upon the mortgage debt, the party aggrieved ordinarily has a simple and sufficient remedy by motion at the trial term to bring the action forward for correction of the error.

WRIT OF ERROR, dated January 27, 1887, to reverse (as set forth in the assignment of errors) "a corrected judgment of the supreme court within and for the county of Carroll, made as of record January 30, 1884, in registry of deeds office, wherein the said Conway Savings Bank is plaintiff and said Benjamin Bean is defendant." The errors assigned are: (1) "No motion was made to abate original judgment, as required by *s.* 8, *c.* 226 of statute aforesaid. [Gen. Laws.]" (2) "That defendant had no opportunity to present his objections to the corrected judgment, which the rule of court allows." (3) "That the corrected judgment is an amount larger by the interest on first indorsement on note for 16 days than was due to plaintiff from defendant at the time original judgment was rendered." (4) "Because there was and is no motion in writing, &c., filed in court as required by *s.* 18, *c.* 226, of statute aforesaid [Gen. Laws], before the decree of correction was ordered."

The following facts appeared from the evidence: At the April term, 1883, of the supreme court for this county, the defendants, plaintiffs in a foreclosure suit, recovered judgment against the plaintiff, defendant in the original suit, conditional judgment being rendered April 21 for the sum of $2,005.62 and costs of suit. A writ of possession issued June 25, by virtue of which the judgment creditors were put in possession of the mortgaged premises. The writ of possession and officer's return were recorded in the registry of deeds, October 11, and returned to the clerk on the same day. In January, 1884, the plaintiff in error discovered that the computation of interest upon the mortgage debt was too large by the sum of $28.02, and called the attention of the clerk to the error. He was informed that the mistake could be corrected, but he declined to have it done. The correction, however, was made, the sum of $2,005.62 being erased, and the sum of $1,977.60 being interlined, in the record of the judgment and in the margin of the writ of possession.

*Benjamin Bean, pro se.*

*J. C. L. Wood,* for the defendants.

SMITH, J. The third error assigned is abandoned. The substance of the others is, that the sum for which conditional judgment was rendered was changed in the record to the actual sum due, out of term time, without proper notice to the plaintiff in error and opportunity to be heard, and against his objection, after

the writ of possession had been executed, recorded, and returned to the office of the clerk. It is an insuperable objection to the maintaining of this writ that the suit was not seasonably commenced. More than three years after judgment had elapsed when the writ was sued out. G. L., c. 221, s. 6. The claim is made that it is not barred because it was brought within three years from the time the record was corrected. The judgment rendered at the April term, 1883, was not reversed or annulled by the correction made in the record in vacation in January, 1884; nor was another judgment rendered by the change that was made. Whether the clerk could of his own motion, or by direction of a justice in vacation, correct a mistake apparent upon the face of the record, is a question which need not be considered. If the mistake could not be corrected except in term time and upon notice to the parties, or upon a writ of error, the change made in the record was inoperative. If the clerk had power to correct the mistake, there was no error in what was done.

Suppose the judgment is reversed: what then? Conditional judgment must be rendered for the sum inserted in January, 1884. When a judgment is reversed on error, such judgment is given as the court below should have given. *Eames* v. *Stevens*, 26 N. H. 117; *Bedel* v. *Goodall*, 26 N. H. 92. A judgment is not reversed on error when justice requires the same judgment to be renewed. *Chamberlain* v. *Sterling*, 26 N. H. 115; *Burt* v. *Stevens*, 22 N. H. 229; *Claggett* v. *Simes*, 31 N. H. 56, 63. A party cannot complain of an error which has done him no harm. *Johnston* v. *Jones*, 1 Black 209; *Chittenden* v. *Brewster*, 2 Wall. 191; *Brobst* v. *Brock*, 10 Wall. 519; *Sanderson* v. *Taylor*, 64 N. H. 97; Bac. Ab., Error (K) 4. Nor is a decree reversed though erroneous, if no benefit will result to the complainant from the reversal. *Washington* v. *Ogden*, 1 Black 451. In this case the plaintiff was not harmed by the correction of the error apparent upon the face of the record. A smaller and correct sum was substituted for the incorrect sum inserted in the conditional judgment as the amount due upon the mortgage debt to be paid by him if he should choose to redeem.

No ground for relief is shown. The plaintiff complains, not of the original judgment which was erroneous, but of the " corrected judgment " (so-called), in which there was no error, and at most an irregularity only in the mode in which the correction was made. A writ of error does not lie for an interpolation in the record; nor are irregularities in judicial proceedings grounds for error, but for amendment by the court where the proceedings were had. *Claggett* v. *Simes*, 31 N. H. 22, 33. If the plaintiff's position were sustained, the correction of the error of which he complains would leave the judgment standing against him for more than the amount due upon the mortgage debt.

If the mistake which was made in computing the amount due

upon the mortgage debt needs a more formal correction, the plaintiff has an ample remedy by moving to bring forward the original action at the trial term for that purpose. *McIntire* v. *Carr,* 59 N. H. 207; *Abbot* v. *Renaud,* 64 N. H. 89; *Boody* v. *Watson,* 64 N. H. 162, 173.

*Writ dismissed.*

CLARK, J., did not sit: the others concurred.