**STATE ex rel. KETCHUM v. DISTRICT COURT of TULSA CO. et al.**

No. 12170—Opinion Filed May 17, 1921.

(Syllabus.)

**1. Courts—Conflicting Jurisdiction—Action to Enforce Lien—Custodia Legis.**

Where in an action a petition has been filed to enforce a lien against specific property, process issued and served as required by law in a court of competent jurisdiction, the property involved in the action is brought into custodia legis, subject to the power and control of the court, and no other court of co-ordinate or concurrent jurisdiction can, in an

action commenced while the property is in such a situation, deprive the court which has already acquired the right of control and possession of such property of its jurisdiction; and the control of said property and jurisdiction of the court in which the action is first filed is not dependent upon actual physical possession of said property, but the court in which said action is first commenced is entitled to the possession of the res, because its possession of the same is indispensable to the exercise of its jurisdiction to the end that the res may be impressed by its decree.

### 2. Prohibition—Conflict of Jurisdiction—Right to Writ.

In an original proceeding in this court for a writ of prohibition, where it appears that a conflict of jurisdiction has arisen between two courts of concurrent jurisdiction over the subject-matter, and jurisdiction has been lawfully acquired by one court, and it appearing that an intolerable conflict of jurisdiction is existing, this court will issue a writ of prohibition prohibiting the unlawful exercise of jurisdicton by the court whch is unlawfully interfering with the jurisdiction of the court that first lawfully acquired jurisdiction of the subject-matter.

Original proceeding by the State, on the relation of H. E. Ketchum, for a writ of prohibition to prevent the District Court of Tulsa County and the judge thereof from further proceeding in an action wherein C. L. Kimble is plaintiff and the Red Diamond Oil Company, a common-law trust, operating under a declaration of trust, Albert P. McBride, Jesse P. McBride, I. E. McBride, J. S. Hale, and Gustaf A. Anderson, trustees, are defendants, and W. L. Larkin is receiver, and interfering through said receiver with the jurisdiction of the District Court of Okmulgee County in an action wherein H. E. Ketchum is plaintiff and A. P. McBride and the Red Diamond Oil Co. are defendants. Alternative writ issued herein made permanent.

Graham & Rollins, for relator.

West, Sherman, Davidson & Moore, for respondents.

KENNAMER, J. This is an original action in this court wherein the relator made application for a writ of prohibition prohibiting the district court of Tulsa county, Owen Owen, Judge, respondents herein, from hearing, entertaining, passing upon, proceeding with, trying, and deciding any and all motions or proceedings in cause No. 13299, pending in the district court of Tulsa county. The alternative writ was by this court issued on the 5th day of April, 1921, as prayed for in the original application of the relator herein. The respondents having filed response as directed by the preliminary writ, and said cause having been submitted to the court upon the proceedings and exhibits, it appears from the record that H. E. Ketchum, relator herein, commenced an action in the district court of Okmulgee county on or about the 9th day of November, 1920, to foreclose a materialman's lien upon the north half of the southeast quarter of section 35, township 15 north, range 12 east, and the north half of the southwest quarter of section 36, township 15 north, range 12 east, Okmulgee county, against A. P. McBride and the Red Diamond Oil Company; that summons was duly issued after the filing of his petition in said court; and that the defendants filed answer in said cause on the 9th day of December, 1920; that a judgment was rendered in favor of the plaintiff against the defendants on the 23rd day of February, 1921, decreeing the plaintiff a lien and foreclosure of the same; that on the 26th day of January, 1921, subsequent to the filing of said action by plaintiff herein for a foreclosure of his lien, C. L. Kimble filed an action in the district court of Tulsa county against the Red Diamond Oil Company, a common-law trust, operating under a declaration of trust, Albert P. McBride, Jesse P. McBride, I. E. McBride, J. S. Hale, Gustaf A. Anderson, trustees, pleading two distinct causes of action. The first cause of action was for the recovery of $12,483.50 for money alleged to have been advanced to the trustees of said Red Diamond Oil Company at their instance and request. The second cause of action was for the recovery of $5,040.76 with interest upon a promissory note. That on the same day the said C. L. Kimble filed his action as herein set forth he filed his petition applying to the court for an order appointing a receiver to take charge of the property of the Red Diamond Oil Company, basing his right for the appointment of a receiver upon the following grounds: That the Red Diamond Oil Company and said trustees of such are insolvent, and that by reason of the financial condition of said company and trustees they are unable to get any advancement of money for the immediate protection of its properties; that several suits are now pending against the Red Diamond Oil Company and its trustees; that the assets of the Red Diamond Oil Company consist largely and principally of oil and gas leases located in the states of Oklahoma and Texas; that said leases are of uncertain and doubtful value; alleging the indebtedness of said company to be about $154,524.26; that said trustees were letting the property go to waste and being destroyed; that unless a receiver be appointed to handle said property under the direction of the court for the benefit of the creditors, the plaintiff, with other creditors, would suffer irreparable

injury and damage. That on the next day after the filing of said petition, on January 27, 1921, praying for the appointment of a receiver, the Honorable Owen Owen, judge of the district court of Tulsa county, entered an order appointing W. L. Larkin receiver for the Red Diamond Oil Company and its trustees, directing him to take charge of all the properties and assets of whatsoever kind and character and wheresoever located belonging to said defendants. The order recites that the appointment is made for the reason that the said defendants are unable to meet and pay their obligations as they become due and are insolvent, and that no protest has been filed or made to the appointment of said receiver.

It appears from the record that H. E. Ketchum, the plaintiff in this action and applicant for the writ of prohibition, was not a party to the action in Tulsa county, wherein W. L. Larkin was appointed receiver. It appeared upon the hearing of this matter upon the response filed herein that the receiver, after his appointment, took possession of the property in controversy, and when the sheriff of Okmulgee county attempted to levy upon said lands the receiver had the sheriff, or deputy sheriff, of Okmulgee county cited before the district court of Tulsa county for contempt of court for interfering with the possession of said receiver over the property in controversy.

In this action two grounds are urged why the writ of prohibition should issue: The first is that the order of the court appointing the receiver is void for the reason the court was without jurisdiction to make the appointment upon the ground of insolvency, and that the court exceeded its jurisdiction in making the appointment; the second is that if the order appointing the receiver is valid, the district court of Okmulgee county acquired jurisdiction of the property in controversy prior to the time the action was commenced in the district court of Tulsa county for the appointment of the receiver, and that the jurisdiction of the district court of Okmulgee county of the property in controversy having been acquired prior to the time the action was commenced in the district court of Tulsa county, the district court of Tulsa county through its receiver is without power or jurisdiction to interfere with the jurisdiction of the district court of Okmulgee county in the foreclosure proceeding.

We are of the opinion that it is only necessary to decide the question as to a conflict of jurisdiction between the two courts for the proper determination of this action.

In the case at bar, assuming that the court had the power under its general jurisdiction to appoint a receiver, we are then presented with the question of what effect did the appointment of the receiver have upon the action pending in Okmulgee county in a court of co-ordinate or concurrent jurisdiction to foreclose the lien upon property located within the jurisdiction of the Okmulgee county district court. It is undisputed that the action to foreclose the lien was commenced prior to the time of the filing of the action for the appointment of a receiver; that service of summons had been made and answer filed in the action in Okmulgee county. An action to foreclose a lien is a proceeding in rem, and jurisdiction attaches in a proceeding in rem when the bill is filed and process issued thereon. 27 Cyc. 323.

It was contended by counsel for the respondents in this cause that the district court of Tulsa county first acquired possession of the property through its receiver, and will retain it to the exclusion of every other court. We cannot concur in this contention. Counsel for respondents cited many authorities in their brief, and in the oral argument of the cause the case of Knott v. The Evening Post Company, 124 Fed. 342, was presented with a great deal of force as sustaining the contention of the respondents, but upon an examination of this authority we find that the opinion was rendered in the Circuit Court for the Western District of Kentucky by District Judge Evans, but the action was appealed to the Circuit Court of Appeals for the Sixth Circuit (130 Fed. 821-824), and in a very able opinion by Circuit Judge Severens, the cause was reversed and the following rule announced:

"Held, that the state court had first acquired jurisdiction of the subject-matter of the administration of such corporation's assets, though it had not first taken physical control thereof, and hence was entitled to their surrender by the receiver of the federal court. * * * To avoid such conflict, most liable to arise between the federal and state courts, it has come to be settled, as we think, that, wherever a state or federal court has lawfully taken jurisdiction of a case for the purpose of subjecting assets within its territory to the charge or disposition which the law applicable to the case requires, such assets are thereby brought in custodia legis, subject to the power and control of the court, and that no other court of co-ordinate jurisdiction can, in a suit commenced while the assets are in that situation, lawfully deprive the court, which has already acquired the right of control, of the possession of them. This because the possession of the res is indispensable to the exercise of its jurisdiction by the court to the end that it may be impressed by its decree. It does not seem to us important that a receiver had not actually been appointed. An appointment of a receiver

would rest upon considerations of convenience, and might be made at any time during the progress of the case if occasion should arise. The conversion of the assets might be made without the employment of a receiver at all. Besides, the appointment goes upon the ground that the court has acquired control of the assets. He is a mere agent of the court. The possession is that of the court, and not his own. It is quite true that in many cases the rule has been stated in terms no broader than to include an actual possession by the court consequent upon a seizure. But it is seen that generally in such cases the exigency did not make it necessary to go beyond that limit. When the question we are now considering has been actually presented, the decisions have been quite uniformly in accord with the rule, which we have indicated as the correct one. Wallace v. McConnell, 13 Pet. 136. 10 L. Ed. 95; Orton v. Smith. 18 How. 263, 15 L. Ed. 393, Chittenden v. Brewster. 2 Wall. 191, 17 L. Ed. 839; Riggs v. Johnson. 6 Wall. 166, 18 L. Ed. 768; Farmers' Loan Company v. Lake St. R. Company, 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667, where Mr. Justice Shiras, expressing the opinion of the court upon this subject said: 'Nor is this rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it often applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in suits of a similar nature, where. in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected. The rule has been declared to be of especial importance in its application to federal and state courts.' This subject has been much discussed in two cases in this circuit which are canvassed in the briefs of counsel here (Powers v. Blue Grass Building & Loan Association (C. C.) 86 Fed. 705, and Phelps v. Mutual Reserve Fund Life Association, 112 Fed. 453, 50 C. C. A. 339, 61 L. R. A. 717), in both of which cases Judge Lurton delivered the opinion, in the first at the circuit, and in the latter for this court. The facts in neither of these cases presented the very question we now have before us, for in the Powers case the state court was acting as an adviser of an assignee. and was not proceeding for the purpose of affording relief to a plaintiff. The assignee was not an officer of the court, and the possession of the res by the court was not necessary to the object of the application."

In the case of Merritt et al. v. American-Steel Barge Co.,, 79 Fed. 231, the Circuit Court of Appeals of the Eighth Circuit. in an opinion by Circuit Judge Thayer, announced the rule to be:

"The possession of the res vests the court which has first acquired jurisdiction with the power to hear and determine all contro-versies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power. This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons. Freeman v. Howe, 24 How. 450; Peck v. Jenness, 7 How. 612-614-625; Taylor v. Carryl, 20 How. 583, 596, 597; Wiswall v. Sampson, 14 How. 52; Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355; Heidritter v. Oil-Cloth Co., 112 U. S. 294-302, 5 Sup. Ct. 135; Riggs v. Johnson Co., 6 Wall. 166, 196; Central Trust Co. of New York v. South Atlantic & O. R. Co., 57 Fed. 3. The doctrine in question is not limited in its application to cases where property has actually been seized under judicial process before a second suit is instituted in another court, but it applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in all other suits of a similar nature. where, in the progress of the litigation, the courts may be compelled to assume the possession and control of specific personal or real property. In case of the latter kind, the rule is that the tribunal which first acquires jurisdiction of the cause by the issuance and service of process is entitled to retain it to the end, without interference or hindrance on the part of any other court. And this rule, in its application to federal and state courts, being the outgrowth of necessity, is 'a principle of right and of law,' which leaves nothing to the discretion of a court, and may not be varied to suit the convenience of the litigants, Gates v. Bucki, 12 U. S. 69, 4 C. C. A. 116. and 53 Fed. 961; Chittenden v. Brewster, 2 Wall. 191; Orton v. Smith, 18 How. 263, 265; Union Trust Co. v. Rockford. R. I. & L. R. Co., 6 Biss. 197, 24 Fed. Cas. 704; Owens v. Railroad Co., 20 Fed. 10; Union Mut. Life Ins. Co. v. University of Chicago, 6 Fed. 443."

In. the case at bar, from the time of the filing of the petition to foreclose the lien and the issuance and service of process, the Okmulgee county district court acquired exclusive jurisdiction over the property in controversy, and the district court of Tulsa county is without jurisdiction to interfere or hinder the enforcement of the judgment of the district court of Okmulgee county, and the receiver appointed by the Tulsa county district court, if the appointment be valid, is without authority to in any way interfere with the proceedings in the Okmulgee county district court, except he may appear and make application to be made a party to such action for the purpose of presenting any defense that may be made against the enforcement of the lien, such as the defendant may have made.

It is therefore ordered that the district court of Tulsa county be, and it is hereby

prohibited from in any way interfering with the foreclosure proceeding in the district court of Okmulgee county, and that the alternative writ of prohibition issued herein shall be made permanent.

It is so ordered.

HARRISON, C. J., and KANE, JOHNSON, MILLER, and NICHOLSON, JJ., concur.