## BRYANT v. MASSACHUSETTS BONDING & INSURANCE CO.
### No. 11612.

Circuit Court of Appeals, Fifth Circuit.

Dec. 19, 1946.

Milburn E. Nutt and Luther Hoffman, both of Wichita Falls, Tex., for appellant.

Harold Jones and Bert King, both of Wichita Falls, Tex., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

Appellant, C. B. Bryant, a Master Mechanic, was injured in his hips and pelvis while in the course of employment and sought compensation for total and partial disability under the Employees Compensation Act of Texas. The litigation was removed from the State Court into the District Court of the United States. The case was submitted to the jury upon three forms of verdict, to which no one objected. The jury returned their verdict by filling out one of the forms thus: "We the jury

find for the plaintiff total for 12 weeks, and partial temporary for 288 weeks, with 35 per cent." On this verdict and the evidence of Bryant's wages before injury the court gave a judgment for the total disability for 12 weeks of which no complaint is made, and for 288 weeks of partial disability at $7 per week. Bryant claimed the latter should be for $20 per week, and being overruled took this appeal, his sole specification of error being that the judgment should be for $20 per week during the partial disability instead of $7.

Two portions of the Compensation Act are involved. If the claim is under Sect. 11 of Vernon's Revised Civil Statutes of Texas, Art. 8306, the words are: "While the incapacity for work resulting from the injury is partial, the association shall pay the injured employé a weekly compensation equal to sixty per cent of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity, but in no case more than $20.00 per week. * * *." This verdict may be taken to mean by the words "partial temporary for 288 weeks with 35 per cent," that the average wage earning capacity during that period was 35 per cent less than the average wages before injury. The evidence required the conclusion that the wages before injury were at least $100 per week. An earning capacity of 35 per cent less would be a difference of $35 per week, and 60 per cent thereof would be $21. But this being more than $20 that arbitrary uniform limit would apply by the plain words of the statute and the judgment should have been for that weekly compensation.

■■■ Sect. 12 of Art. 8306, on which the pleadings base the claim for partial disability as well as on Sect. 11, has these words: "The compensation paid therefor shall be sixty per cent of the average weekly wages of the employé, but not to exceed $20 per week, multiplied by the percentage of incapacity caused by the injury." We think the court applied these words to the verdict, in the order in which they occur, thus: The wages being $100 per week, 60 percent thereof would be $60, but this must be limited to $20, and 35 per

cent of $20 is $7. This natural construction of Section 12 had been adopted by some of the Courts of Civil Appeals in Texas, but others had held that the limitation to $20 is not to be applied in the computation, but only afterwards to reduce its result to $20 if over that figure. After the judgment in this case was rendered the Supreme Court of Texas considered these conflicting decisions, and interpreting the Act as a whole has held the latter construction to be the true one. Texas Employers Insurance Assn. v. Holmes, 196 S.W.2d 390. By this decision the Federal courts are bound. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. It indeed accords with and cites the decision of this court in Maryland Casualty Co. v. Laughlin, 5 Cir., 29 F.2d 343. It follows that under Section 12 the computation should be 60 per cent of $100 equals $60, multiplied by 35 per cent equals $21; which being in excess of $20 must be limited to $20. It is unnecessary to consider which Section applies to this injury, since both are counted on and the result is the same under either. The judgment based on this verdict must be for $20 per week instead of $7, with other modifications consequent on that change.

The judgment was entered Nov. 23, 1945. Bryant's appeal was taken Feb. 16, 1946. On March 6, 1946, more than three months after the judgment was entered, a paper was filed by appellee beginning: "Now comes the appellee herein, Massachusetts Bonding and Insurance Company, and files herein the following cross assignment;" the first assignment being that "the court erred in not submitting this cause under Section 11 and not having the jury determine the issue as requested by appellee with reference to what wage earning capacity Bryant had after his injury;" and the second being that "there was no pleading on the part of C. B. Bryant that would authorize the submission of the cause on the proof offered." Additional record was also requested to be sent up by a praecipe filed at the same time.

■■■ This paper is not an appeal, nor filed within the time fixed for appeal, and we find no authority in the new Rules of Civil Procedure for its filing. They do not

mention cross appeals by that name, but permit any one aggrieved to file an appeal. If more appeals than one are taken, a single record is to be prepared containing all the matter designated in any appeal without duplication. Rule 75(k), 28 U.S. C.A. following section 723c. In some jurisdictions, including Texas, an appellee is permitted, usually by a rule of court or a statute, to assign errors made against him without a cross writ of error or appeal. 3 Am.Jur., Appeals and Error, § 720. 4 C.J.S., Appeal and Error, § 1299. But the contrary has been the rule in the Supreme Court of the United States from early times. Chittenden v. Brewster, 2 Wall. 191, 17 L.Ed. 839; Bolles v. Outing Co., 175 U.S. 262, 20 S.Ct. 94, 44 L.Ed. 156. And the same rule is applied also to review by certiorari. Federal Trade Commission v. Pacific States Paper Trade Ass'n., 173 U.S. 52, 47 S.Ct. 255, 71 L.Ed. 534; Charles Warner Co. v. Independent Pier Co., 278 U.S. 85, 49 S.Ct. 45, 73 L.Ed. 195; Mechanics Universal Joint Co. v. Culhame, Receiver, 299 U.S. 51, 57 S.Ct. 81, 81 L.Ed. 33. The Rules of Civil Procedure do not provide for assignments of error in taking an appeal to the Circuit Court of Appeals. In the present case the appellee was content with the judgment and did not wish to appeal if it is to stand; but if not it wishes the verdict set aside and a new trial granted. In this Court where an appellee who has protected himself by an appeal of his own has stated that it was desired to press his appeal only in the event of a reversal on his adversary's appeal, we have several times on affirming the judgment on the first or main appeal dismissed the second or cross appeal as abandoned. This court has no rule of its own permitting specifications of error to be made on an adversary appeal, and we know of no statute or precedent for it in the Federal courts. In Chittenden v. Brewster, supra, the court refused to investigate and rule upon errors assigned by one who had not appealed, but noticed them to the extent of granting leave to reopen the questions in the court below on a retrial which was ordered on the appeal of the other party. Since in the case before us we are not ordering a retrial in

which the matters under discussion would again arise, but the verdict stands untouched, and there is only a correction to be made in the judgment framed on it, the course taken in the Chittenden case may not be followed.

The judgment is reversed in part, with direction to modify it as above indicated.