DE FONCE CONSTRUCTION COMPANY, Inc., J. B. Cooper and Manufacturers Casualty Insurance Company, Appellants,

v.

CITY OF MIAMI, for the use and benefit of Complete Machinery and Equipment Company, Inc., Appellee.

No. 16706.

United States Court of Appeals
Fifth Circuit.

June 18, 1958.

Sidney O. Raphael, New York City, for appellant.

Louis Grossman, New York City, Botts & Greene, Miami, Fla., and Grossman & Grossman, New York City, for appellee.

Before HUTCHESON, Chief Judge, and RIVES and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

This suit grows out of a contract made by appellants, plaintiffs below, with Complete Machinery and Equipment Company to provide the machinery, equipment and supervision necessary to do the dewatering in connection with a contract made with the Water and Sewage Trust Board of the City of Miami to construct housing for six pumping stations. It was for damages resulting to plaintiffs from claimed breaches of contract by, and negligence of, defendant and for an injunction against removal of defendant's equipment from the job site.

Defendant denied the charges against it and, by an amended counter claim

brought under the Florida statutes in the name of the City of Miami for the use of counter claimant, sued for large sums for rental and for injury to, and conversion of, its equipment. Plaintiffs in turn denied these claims and, on the issues made by the pleadings, the case was fully tried to a jury and a large record of more than a thousand pages was made.

The trial concluded, the district judge, on a general charge, to which no objection was made or exception taken, submitted to the jury for separate verdicts, the claims and counter claims, and, on these verdicts separately returned, $33,-293.17 for the plaintiffs and $94,957.45 for the counter claimant, separate judgments were on Dec. 27, 1956, entered in said sums. The motions of plaintiffs and counter claim defendants for new trial denied, the counter claim defendants, on Feb. 6, 1957, gave notice of appeal "from the final judgment entered on Dec. 27, 1956, in the sum of $94,957.45 adverse to these appellants." and here, with eleven numbered specifications of error argued in their brief under three points:

*Point 1.* The court erred in limiting the plaintiffs' proof to a sixty day period and limiting the jury's deliberation by its instruction to said period.

*Point 2.* The court erred with respect to the proof concerning the appellee's counter claim to its damages.

*Point 3.* The appellants' request for instructions should have been allowed by the court.

they seek a reversal not only of the judgment appealed from but also of the judgment from which they did not appeal.

Appellee, pointing out that specifications Nos. 1, 2, and 3, discussed under point one of appellants' brief, that the court erred in limiting the plaintiffs' recovery to a sixty day period, present claims of error with respect to the judgment in appellants' favor, from which no appeal was taken, and, citing Tjosevig v. Donohoe, 9 Cir., 262 F. 911; United States v. Hosteen Tse-Kesi, 10 Cir., 191 F.2d 518, and Bryant v. Massachusetts

Bonding & Insurance Co., 5 Cir., 158 F. 2d·967, urges upon us that these claims of error are not before us for decision. In addition it insists that, if mistaken in this, appellants are in no better position to complain of the sixty day limitation for it is the direct result of instructions given the jury, to which appellants made no objection and to the giving of which they did not complain until after the verdict.

Of appellants' specifications of error Nos. 5, 7, 8 and 11, dealt with in their point two, appellee insists that these specifications come in the end merely to the contention that the evidence was insufficient to sustain the verdict and that, since no motion for a directed verdict was made, no question of the sufficiency of the evidence is before us. It insists further that appellants would not stand any better if their complaint on this score is taken as attacking not the failure to instruct a verdict but the nature of the proof employed by appellee in establishing its damages and the claimed incompetence of the testimony offered by it in support of its claim, for no reference is given in appellants' brief to, and a search of the record fails to disclose, the place or places in the record where such objections were made and overruled.

Urging upon us that appellants' specifications Nos. 4, 6, 9 and 10, discussed under its point three "The appellants' request for instructions should have been allowed by the court", present nothing· for our consideration since no objections or exceptions were taken at any time to any of the instructions given by the court to the jury, appellee insists that what appellants in effect are asking of this court is that, notwithstanding their complete failure to comply with Rule 51, Federal Rules of Civil Procedure, 28 U. S.C.A. and the cases construing and applying it, it permit them now to urge and claim as error matters to which they failed to object below.

Finally, appellee, meeting head on the contentions appellants make, urges upon us that the facts of record fully support the actions of the court and jury through-

out, and that a careful examination of the record will show that the evidence offered to sustain the damages awarded appellee is not only consistent with the tendered issues but in all respects conforms thereto. In short, it is appellee's position that while in the state of the record appellants have no right to impose upon this court the burden of searching the record for the errors appellants claim, such a search if made will disclose that there was ample evidence to support the verdict of the jury, and will establish that all that appellants are seeking to do here is to have this court retry issues of fact properly submitted to and as properly determined against them by the jury.

For reasons which we will state as briefly as possible, we find ourselves in substantial agreement with appellee's views that, in a brief and on a record which fails to point to specific objections sufficiently drawing the attention of the trial court to particular errors claimed and affording ·it opportunity to correct them, appellants seek to bring about here a general combing and review by us of the whole record to find, and reverse for, claimed errors not plain on the face of the record but lurking·therein, not·properly pointed out below or assigned here.

This is particularly true of appellants' specification No. 11, that "The verdict of the jury in favor of the defendant is against the weight of the evidence, and as a matter of law and logic is not supportable, * * *" since no motion to direct a verdict was made and the question therefore whether the verdict is supported by evidence is not before us for review, Whiteman v. Pitrie, 5 Cir., 220 F.2d 914, except upon a·showing of manifest injustice which is not here made.

As to the claim that there was error in refusing the lengthy and detailed requested general charge set out on pages 148–158 of the record and the eight requested charges set out at page 169–173 thereof, the record shows the complete failure of appellants to comply with the provisions of Rule 51 of the

Federal Rules of Civil Procedure, 28 U.S.C.A.:

"No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." [1]

and that they are therefore not in a position to assign error in respect to these charges. This is particularly true since the district court could not be required to consider and determine the correctness of the lengthy charges submitted to it without any grounds being put forward to show why they should be given and wherein the failure to give them was error.

■■ As to the claims of specifications one, two, and three, that the court erred in limiting plaintiffs' recovery to a sixty day period, we agree with appellee that the judgment in plaintiffs' favor was not appealed from and is not before us, and we agree with it, too, that if this view is incorrect, appellants would stand no better. For in respect to this matter the district court in his charge, by mention at least four times of the sixty day limitation, specifically and definitely limited plaintiffs' recovery on it to this period, the plaintiffs made no objection to the charge, and a litigant cannot, by remaining silent when he should speak, put the judge in error by afterwards complaining of his action.[2]

■ In saying what we have said above, we do so with the full recognition that, notwithstanding appellants' failure to properly make and preserve grounds of error, this court can and will notice plain error either called to its attention by counsel or appearing to our own observation, Fort Worth & Denver R. Co. v. Harris, note 2, supra. Though, therefore, appellants in their brief do not point to a single instance in which the court, either without objection on their part or over their objections, has committed plain error, prejudicial in its nature and therefore reversible, because of the fact that appellants have briefed the case as though in this voluminous record there plainly appeared prejudicial errors of great magnitude, we have examined the record in the light of these complaints of the trial without discovering plain error of any kind.

All that the record shows is that both parties, exercising a self-imposed restraint as remarkable as it is unusual in making objections and exceptions, each no doubt speculating on a jury verdict, have committed the trial of the case to the district judge without substantial objection or other form of interposition. Having thus chosen their course, it is too late for the losing parties, after the speculation has turned out badly for them, to depart from it by seeking for the first time here to put the court in error and invalidate the results of this long trial by making large and unsupported claims of injury sustained by them, claims which were not made and preserved below.

In these circumstances, claims of the kind made here against the charge of the court and other matters, to which no objection was made or exception taken, are considered to be and are treated as afterthoughts.

Without, therefore, undertaking to discuss the voluminous evidence or trace

1. Curd v. Todd-Johnson Dry Docks, 5 Cir., 213 F.2d 864; Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645; Standard Oil Co. v. Burelson, 5 Cir., 117 F.2d 412; New York Life Ins. Co. v. Schlatter, 5 Cir., 203 F.2d 184.

2. Fort Worth & Denver R. Co. v. Harris, 5 Cir., 230 F.2d 680; Bish v. Employers Liability Ins. Corp., 5 Cir., 236 F.2d 62; Bruce Construction Co. v. United States, 5 Cir., 237 F.2d 600; Sinclair Refining Co. v. Howell, 5 Cir., 222 F.2d 637; Fort Worth & Denver R. Co. v. Janski, 5 Cir., 223 F.2d 704; Maryland Cas. Co. v. Reid, 5 Cir., 76 F.2d 30; American Fid. & Cas. Co. v. Drexler, 5 Cir., 220 F.2d 930; Mills v. Texas Compensation Ins. Co., 5 Cir., 220 F.2d 942; Capella v. Zurich Gen. Acc. Liability Ins. Co., 5 Cir., 194 F.2d 558; Western Fire Ins. Company of Fort Scott, Kan. v. Word, 5 Cir., 131 F.2d 541.

the course of the trial, it is sufficient for us to say that neither assigned in the briefs nor plainly appearing on the face of the record has any reversible error been made to appear, and that the judgment appealed from must be affirmed.