Justice Breyer,
concurring in the judgment.
I agree with Justice Alito that the cross-appeal requirement is simply a rule of practice for appellate courts, rather than a limitation on their power, and I therefore join Parts I — III of his opinion. Moreover, as a general matter, I would leave application of the rule to the courts of appeals, with our power to review their discretion “seldom to be called into action.” Universal Camera Corp. v. NLRB, 340 U. S. 474, 490 (1951). But since this case is now before us, I would consider whether the Court of Appeals here acted properly. Primarily for the reasons stated by the majority in footnote 9 of its opinion, I believe that the court abused its discretion in sua sponte increasing petitioner’s sentence. Our precedent precludes the creation of an exception to the cross-appeal requirement based solely on the obviousness of the *256 lower court’s error. See, e. g., Chittenden v. Brewster, 2 Wall. 191, 195-196 (1865). And I cannot see how the interests of justice are significantly disserved by permitting petitioner’s release from prison at roughly age 62, after almost 37 years behind bars, as opposed to age 77.