**W. W. O'NEAL, Appellant,**

v.

**Fred Gordon LAHNALA, Appellee.**

No. 16906.

United States Court of Appeals
Fifth Circuit.

April 9, 1958.

W. Brantley Brannon, Lake City, Fla., for appellant.

A. Frank O'Kelley, H. O. Pemberton, J. Velma Keen, Tallahassee, Fla., Keen, O'Kelley & Spitz, Tallahassee, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from the judgment in a negligence suit in which the jury found for the defendant, who is the appellee here. The only question presented is whether the lower court erred in failing to charge the jury with reference to the doctrine of last clear chance.[1] The trial

---

1. The principal portions of the requested charge are as follows:

"Request No. 1:

"I charge you that in determining the liability of this case, if any exists, you are to take into consideration, to the extent applicable, the doctrine of last clear chance. This doctrine recognizes that a plaintiff may have been negligent in the beginning, that is, may have done some action or omitted some safeguard that would have been appropriate under the circumstances, and yet allow the plaintiff to recover if the circumstances are such that after such action on the part of the plaintiff, the defendant could thereafter have avoided the accident.

\* \* \* \* \*

"If you find from the evidence that W. W. O'Neal was careless and negligent in exposing himself to danger, but that after he so exposed himself to danger, Fred Gordon Lahnala, the driver of the car, could have avoided the injury by ordinary care in keeping his automobile in proper control as he drove along the highway, and by keeping the proper lookout ahead, and he failed to use proper and ordinary care, and his failure in this respect was a proximate cause of the injury to W. W. O'Neal, then you should find for the plaintiff, W. W. O'Neal, if the other conditions of liability exist as set forth in these instructions."

"Request No. 4:

"The Court further charges you that if you find that O'Neal was placed in a perilous position through his own negligence, and his perilous position would, or should have been known to Lahnala, the defendant, in time for Lahnala to have avoided the injury if he had been keeping a proper lookout, and, therefore, the sole proximate cause of the injury, despite O'Neal's conduct, was Lahnala's failure to maintain such lookout, or his failure to avoid the injury, if by the exercise of reasonable care and caution commensurate with all the circumstances he could have avoided it, you should find for the plaintiff, W. W. O'Neal."

"Request No. 8:

"The Court instructs you that if you believe and find from the evidence that the defendant saw, or by the exercise of reasonable care could have seen that Mr. O'Neal, the plaintiff, was in a position of eminent [sic] peril and danger of being struck and injured by defendant's automobile, and find that defendant in time thereafter, by the exercise of reasonable care and with the means and appliances at hand on his automobile and with safety to himself and to his automobile, could have sounded a signal warning of the approach of his automobile, or have stopped same, or have diminished the speed of same, and that the defendant could thereafter have avoided striking and injuring the plaintiff, then plaintiff is entitled to recover, and your verdict must be for the

court instructed the jury that the defendant was negligent in that he approached the scene where he knew something was unusual but failed to observe sufficiently to have discovered the plaintiff on or beside the highway and failed to take such care and precautions as the circumstances demanded. While the correctness of this charge is extremely doubtful on the record before us, it becomes unimportant in view of the disposition we make of the appeal. The jury by its verdict for the defendant evidently found the plaintiff guilty of contributory negligence.

There is little, if any, dispute concerning the material facts. Between 3:30 and 4:00 P.M. on November 27, 1957, as the plaintiff, O'Neal, was hauling a load of lumber from Mayo to Perry, Florida, his truck became disabled and he stopped and parked about a foot or foot and a half from the pavement of the road. He put out three flares. The weather was clear and the road was straight and level. As the plaintiff's truck was headed west, he pulled off the north side of the road. He then waived down a car, driven by one Dickinson, which was headed east or away from Perry. Dickinson parked about two and one-half to three feet from the south edge of the road, opposite the rear end of plaintiff's truck. The two held a short conversation, and as Dickinson began to drive away, plaintiff whistled at him. Dickinson backed up and parked again, this time about even with the truck and off the pavement approximately one foot from its edge. O'Neal came over to the front window of the car and was standing either at the edge of or a little off the edge of the pavement as he spoke with Dickinson.[2] Plaintiff said he would go with Dickinson, and he turned with his back toward Mayo (and defendant's oncoming car) and took two or three quick steps toward his own truck in a diagonal or northwesterly direction, when he was hit by defendant's car.

Defendant and his wife were driving westward toward Perry at about 55 miles per hour; his car was in good mechanical condition. At about 500 feet away he observed the car and truck parked near the road, and he decreased his speed to about 45 miles per hour, thinking there had been an accident. He testified that he saw a person in the car at possibly 400 feet away, the flares at 150 to 200 feet, but did not see the plaintiff until the latter was five or six car lengths or about 100 feet away, at which time he applied his brakes. According to the defendant, plaintiff, who was about six feet tall, took two strides of about five feet each after defendant saw him, which brought him to the center yellow line of the road.[3] Defendant was prevented from seeing the third stride or leap by the hood of his car. By the time defendant saw O'Neal he couldn't turn to the right because the truck was there and he couldn't turn to the left because of Dickinson's car. Plaintiff was in the middle north half of the road when he was hit;

plaintiff and against the defendant, notwithstanding you may further believe and find from the evidence that plaintiff was not exercising ordinary care for his own safety.

2. Cross examination of Dickinson by the defendant:
"Q. Then Mr. O'Neal came back to the window of your car? A. Yes, sir.
"Q. Was he, at that time, standing on the pavement or off the pavement? A. Well, I couldn't tell from where I was at, it was right off or right on the edge.
"Q. Was he standing right up by the window of your car? A. Yes, sir.

3. Cross examination of defendant:
"Q. Now where was Mr. O'Neal when you first saw him? A. When I first saw Mr. O'Neal he was running across the road.
"Q. Where did he come from? A. To me it appeared he came from the back or around the Chevrolet.
"Q. It appeared he came from back of the Chevrolet? A. Yes, sir.
"Q. Now after you saw Mr. O'Neal how many steps did he take before you hit him? A. He took two long strides.
"Q. After you saw him and before you hit him and I believe you said that you hit him in the middle of the North lane? A. That's right."

he was knocked forward but defendant's car did not run over him.

The issue is whether there is evidence in the record which would warrant a charge on the last clear chance theory. The Supreme Court of Florida announced its conception of the last clear chance theory in Merchants' Transportation Company v. Daniel, 1933, 109 Fla. 496, 149 So. 401, with the following language:

"The party who last has a clear opportunity of avoiding an accident, notwithstanding the negligence of his opponent, is considered solely responsible for it. Such is a simple statement of the doctrine of 'last clear chance.' The last clear chance doctrine is not an exception to the general doctrine of contributory negligence. It does not permit one to recover in spite of his contributory negligence, but merely operates to relieve the negligence of a plaintiff or deceased in a particular instance, which would otherwise be regarded as contributory, from its character as such. This result it accomplishes by characterizing the negligence of the defendant, if it intervenes between the negligence of plaintiff or deceased, and the accident, as the sole proximate cause of the injury, and the plaintiff's antecedent negligence merely as a condition or remote cause. The antecedent negligence of the plaintiff or deceased having been thus relegated to the position of a condition or remote cause of the accident, it cannot be regarded as contributory, since it is well established that negligence, in order to be contributory, must be one of the proximate causes." 149 So. at page 403.

The doctrine was expanded in Lindsay v. Thomas, 1937, 128 Fla. 293, 174 So. 418, 419, beyond the case in which the defendant actually sees the plaintiff's perilous situation to the instance where the defendant should have discovered plaintiff's situation or would have had reason to realize plaintiff's helpless peril had he exercised the vigilance which it was his duty to exercise. However, for the doctrine to apply, the defendant must thereafter be negligent in failing to utilize with reasonable care his then existing ability to avoid harm to the plaintiff.

Applying the law to the facts in the instant case, we find that the record does not support a charge on last clear chance. While plaintiff was standing near Dickinson's car he was not in a position of peril in regard to the defendant's car which was proceeding in the northern lane of the highway. Plaintiff was negligent in attempting to cross the road without properly looking for traffic, and his negligence continued until the point of impact with defendant's car. Defendant, at 500 feet or more, as he approached the scene was apprised of a situation which a jury might have found required him to drive with extra care and to maintain a proper lookout. By failing in these respects, he might have been found to be negligent, but this was his sole negligence, which continued until he hit plaintiff. O'Neal could only have been in the road a couple of seconds as he only took two or three quick steps before being hit. There is no evidence in the record that the defendant did see O'Neal or could have seen him with the exercise of reasonable care in time to have prevented the accident *after* O'Neal was in the perilous position. Furthermore, the defendant, assuming he saw, or should have seen, O'Neal while he was on the side of the road near the car, was not put on notice by O'Neal's conduct, in sufficient time to act, that O'Neal would move into a perilous position. See Martin v. Rivers, Fla.1954, 72 So.2d 789. Thus, both parties could be found to be negligent once only, and by the jury's verdict, plaintiff's contributory negligence was found to be the proximate cause of the injury.

The judgment is affirmed.