Goldie GORMAN, Appellant-Appellee,
v.
Howard B. NELSON, Appellee-Appellant.

Howard B. NELSON, Appellee-Appellant,
v.
Goldie GORMAN, Appellant-Appellee.
No. 17208.

United States Court of Appeals
Fifth Circuit.
Jan. 29, 1959.

Fred Patrox, Miami, Fla., Kelner & Lewis, Miami, Fla., for appellant.

Henry Burnett, Miami, Fla., Fowler, White, Gillen, Yancey & Humkey, Miami, Fla., of counsel, for appellee.

1. Bryant v. Massachusetts, 5 Cir., 158 F. 2d 967.

2. 3 Am.Jur., Appeal and Error, Sec. 1115, p. 636; Humphries v. Boersma, 5 Cir., 190 F.2d 843; O'Neal v. Lahnala, 5 Cir., 253 F.2d 663; Sanders v. Leech, 5 Cir., 158 F.2d 486; Atlantic Coast Line v.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

PER CURIAM.

The suit was for damages sustained by plaintiff when struck by a car driven by defendant. Submitted to a jury on the issues of negligence and contributory negligence, there was a verdict and judgment for plaintiff for $1,000.

Presenting a single ground for reversal, the inadequacy of the verdict, and pointing to the undisputed fact that her expenses were $570 and to the testimony as to multiple and serious injuries sustained by her, appellant, citing Indamer Corporation v. Crandon, 5 Cir., 217 F.2d 391 and similar cases, insists that the verdict is on its face unjust and that in refusing to set it aside the trial court abused its discretion.

Appellee, on his part, insists that, viewed from the point of view most favorable to plaintiff, the evidence on (1) whether there was negligence on the part of defendant and (2) contributory negligence on the part of plaintiff, and (3) what sum should be awarded plaintiff, presented questions peculiarly for the jury. In addition he urges upon us, by way of a belatedly filed cross-appeal,[1] that as matter of law plaintiff made out no case of negligence and, if she did, the evidence established as matter of law that she was contributorily negligent.

Without attempting to set out or analyze the evidence, it is sufficient to say that we think that, on all the tendered issues, the case presented questions of fact for the jury and that no error is shown which requires or would support a judgment of reversal.[2]

The judgment is affirmed.

Pidd, 5 Cir., 197 F.2d 153, certiorari denied 344 U.S. 874, 73 S.Ct. 166, 97 L.Ed. 677; Kilmer v. Gustason, 5 Cir., 211 F.2d 781; Arnaud's Restaurant v. Cotter, 5 Cir., 212 F.2d 883, certiorari denied 348 U.S. 915, 75 S.Ct. 295, 99 L. Ed. 717.