129 So.2d 452 (1961)
George Franklin GARRISON, Appellant,
v.
HERTZ CORPORATION, a Delaware Corporation, Appellee.
No. 60-150.
District Court of Appeal of Florida. Third District.
May 8, 1961.
Gilbert, Mayerson, Greenberg, Cohen, Nevins & Young, Miami Beach, for appellant.
Knight, Smith, Underwood & Peters and William M. Hoeveler, Miami, for appellee.
HORTON, Chief Judge.
The plaintiff below has appealed from a judgment entered pursuant to a jury verdict for the defendant. This action arose out of a collision between an automobile owned by the appellee corporation and a *453 motorcycle owned and operated by the appellant. The accident occurred in Hialeah, Florida, when the appellant, having turned north from 36th Street onto Okeechobee Road, collided with the appellee's vehicle, which was proceeding in a westerly direction across Okeechobee Road from a side street. The driver of appellee's vehicle testified that in attempting to cross Okeechobee Road, he had stopped for traffic to clear, and did not observe traffic approaching from either direction; that he then pulled out and had proceeded to the middle of Okeechobee Road when appellant's motorcycle struck his left rear door. The accident occurred after dark; both drivers testified that they did not see each other until immediately before the impact.
The sole assignment of error urged upon appeal is directed to the trial court's refusal to charge the jury as requested by the appellant.
First the appellant contends that the trial court erred in refusing to charge the jury as follows:
"A person operating a vehicle along a roadway in compliance with the law has a right to assume that the person operating a vehicle upon an intersecting street will observe the rules of the road, will obey the laws governing the operation of automobiles and that such approaching driver will exercise due care to avoid an accident, and he has a right to act upon this assumption; and if such motorist has the right-of-way under the law and circumstances of the case, he has the right to assume that the approaching motorist on the intersecting street will yield the right-of-way to him, and it would not be contributory negligence on his part to act on such assumption in proceeding into the intersection, unless and until he became aware of the fact that such right-of-way would not be given, and unless he then had a clear opportunity to act in such emergency to avoid the collision after the emergency arose."
The appellant points out that this charge was taken verbatim from the case of Kerr v. Caraway, Fla. 1955, 78 So.2d 571, and urges that the trial court committed reversible error by his failure to give the requested charge.
It is fundamental that instructions to the jury must be applicable to the issues in the case. 32 Fla.Jur., Trials, § 168. Clearly, the trial court is not obligated to instruct the jury on principles of law, even though correct, which do not arise from the facts developed at the trial. See Green v. Atlantic Co., Fla. 1952, 61 So.2d 185; Smith v. Cobb, Fla. 1952, 61 So.2d 378; Luster v. Moore, Fla. 1955, 78 So.2d 87. We have reviewed the requested charge in light of the pleadings and the evidence developed at the trial and conclude that the charge as requested was inadequate and would have been misleading. Bessett v. Hackett, Fla. 1953, 66 So.2d 694.
When, as here, error is urged by the refusal to give individual requested jury charges, such charges must be considered in the light of all the charges given on the particular subject. We have so considered the requested charges and conclude that the law appears to have been fairly and adequately presented by the court to the jury, and assignments based on such refusal to so charge must fail. The charges given in this case on the duties and obligations of the parties bearing on negligence and contributory negligence sufficiently presented the applicable law so that the court's refusal to give the charges as requested by the appellant was not error. See Montgomery v. Stary, Fla. 1955, 84 So.2d 34; Martin v. Makris, Fla.App. 1958, 101 So.2d 172; A.M. Kidder & Co. v. Turner, Fla. 1958, 106 So.2d 905, 71 A.L.R.2d 1083.
It is unnecessary for us to consider the remaining arguments by the appellant since the general rule, as stated in 32 Fla. Jur., Trials, § 150, is that:
"* * * where a reversal is sought on an assignment of error on *454 the ground that the court refused to give more than one instruction, asserting distinct propositions of law, an appellate court will go no further into the consideration of such an assignment after ascertaining that the trial court correctly refused any one of the requests."
Accordingly the judgment appealed is affirmed.
Affirmed.
PEARSON, J., and MILLEDGE, STANLEY, Associate Judge, concur.