PER CURIAM.
This is an appeal from a final judgment entered pursuant to a jury verdict for the defendants in a negligence case involving a collision between a pedestrian and a motor vehicle. The appellant here was the pedestrian and plaintiff below. The parties will be designated as in the trial court.
Plaintiff complains that he was seriously and permanently injured when struck by a motor vehicle operated in a negligent manner by the defendant, Alice T. Haller, and owned by the defendant, William Haller. The defendants admitted ownership and operation of the automobile, but denied negligence and affirmatively alleged contributory negligence. A jury trial was held on these issues.
The facts briefly are as follows. The plaintiff, on January 16, 1963, was walking in a northerly direction on the east side of Northwest 17th Avenue and was approximately forty-eight feet north of the intersection of Northwest 121st Street and 17th Avenue. It was a dark night and there was a heavy downpour. The plaintiff was wearing dark clothing and the defendant was driving north on Northwest 17th Avenue at approximately twenty-five miles per hour in a forty-mile zone, with her lights on low beam.
On the east side of Northwest 17th Avenue there is a parallel sidewalk, hut none exists on the west side of this street. Between the sidewalk and the east side of Northwest 17th Avenue there is a grassy area, or swale, approximately eighteen feet in width.
The plaintiff contends that he was struck from behind by the defendant’s automobile while he was walking in the grassy area between the sidewalk and the road, and that he was at least six feet off the road. The defendants contend that the plaintiff was either walking on the pavement or crossing the road. The testimony showed that the plaintiff would have had to cross the road at some point between the point of impact and his residence in order to arrive at his residence. The defendant stated that she never, at any time, drove off the right hand side of the road.
The plaintiff neither saw nor heard the defendant’s car before he was hit and the defendant never saw the plaintiff or knew that she had struck him until she heard the impact.
The defendant, during the course of the trial, offered in evidence certain Metropolitan Dade County Ordinances regarding the duties of pedestrians in crossing a roadway. The plaintiff objected to the introduction of the ordinances and his motion to strike was denied.
After the trial, the court charged the jury that violation of a traffic regulation was prima facie evidence of negligence after denying the plaintiff’s request for a charge relative to the doctrine of last clear chance. A jury verdict and final judgment was thereafter returned for the defendant. A motion for new trial was denied, and this appeal was timely filed.
The plaintiff complains that the court erred in admitting into evidence the ordinances regarding the duties of pedestrians crossing a roadway; and upon its failure to charge the jury on tire doctrine of last clear chance.
While a trial court may adopt requested instructions to the jury, this does not mean that the court is required to give the instructions chosen by the parties or their counsel if it does not deem the charge or instruction is full, fair and applicable to *521 the facts of the case. The court in Four-nier v. Lott, Fla.App.1962, 145 So.2d 885, said:
* $ * $ * *
“ * * * While there is no question that a party is entitled to have appropriate instructions given to the jury, the particular instructions to be given depend upon the issues developed by the pleadings and supported by the evidence. Garrison v. Hertz Corporation, Fla.App.1961, 129 So.2d 452; Sirmons v. Pittman, Fla.App.1962, 138 So.2d 765 ; 32 Fla.Jur., Trial, § 141. * * ”
******
In the instant case there was evidence before the jury under which they could reasonably infer that the plaintiff was crossing the road at the time of the accident. Under these circumstances the action of the court in admitting the ordinances into evidence was not error.
The plaintiff contends that since these ordinances were admitted over his objections, the court should have also instructed the jury on a further section of the Metropolitan Code of Dade County, Florida, which requires, in essence, that drivers must exercise due care to avoid collisions. The plaintiff, however, did not offer this ordinance into evidence, nor request that the jury be charged in connection therewith. There was no error on the part of the trial court in this instance.
We now turn to the error claimed in the failure of the trial court to give a charge of the last clear chance doctrine. In Yousko v. Vogt, Fla.1953, 63 So.2d 193, the Supreme Court said:
jji sis jfi ;{; ‡
“A trial judge when faced with a request for a charge upon the doctrine of the ‘last clear chance’ should be extremely cautious. Such a charge should never be given unless the evidence clearly demonstrates its applicability. If this be not true, the giving of such a charge would either work an advantage to the plaintiff to which he would not be entitled or at least would tend to confuse, rather than aid, the jury in the performance of its duty.”
* *****
To justify invocation of the doctrine of last clear chance the record must clearly show a concurrence of certain elements. It was held in Parker v. Perfection Cooperative Dairies, Fla.App.1958, 102 So. 2d 645, that the elements under which the doctrine of last clear chance would apply are as follows:
* # * * ' * *
“ ‘(1) That the injured party has already come into a position of peril; (2) that the injuring party then or thereafter becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact, but also that the party in peril either reasonably cannot escape from it, or apparently will not avail himself of opportunities open to him for doing so; (3) that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) that he fails to exercise such care.’ ”
‡ ‡ ‡ ‡ ‡ ‡
Here, the evidence does not clearly demonstrate the applicability of the last clear chance doctrine. The evidence does not clearly show that the defendant had the opportunity by the exercise of reasonable care to save the plaintiff from harm or that she failed to exercise such care. See Nackman v. Miessen, Fla.App.1964, 168 So. 2d 711.
For the reasons stated herein, the judgment is therefore
Affirmed.