LILES, Chief Judge.
This is an appeal from a jury verdict in favor of plaintiff-appellees arising from an automobile accident. Following the ■ jury verdict in favor of the plaintiffs, defendant appeals and has assigned as error the trial judge’s failure to give two requested instructions.
Defendant-appellant is correct in urging that where there is competent substantial evidence to support a charge, a party has a right to submit his theory of the case to the jury. Pemberton v. Keel, Fla.App.1967, 195 So.2d 632; Smith v. Lassing, Fla.App.1966, 189 So.2d 244. The question here is whether there was competent substantial evidence to support the charge requested by defendant. The evidence shows that the accident occurred in plaintiff’s lane of traffic, that she was proceeding along the highway in a lawful manner and that appellant simultaneously turned on his left turn indicator and proceeded to turn left. At that time defendant was approximately 30 to 40 feet in front of plaintiff’s vehicle.
The charge requested by defendant reads as follows:
“I charge you that it is the duty of a motorist to operate her vehicle in such a manner that she can stop it at any time within the range of her vision. It is also the duty of a motorist to be prepared for the sudden appearance of obstacles in the highway and if a motorist breaches either of these duties by failing to operate her *794 motor vehicle so that she can stop it within the range of her vision or by failing to be prepared for the sudden appearance of obstacles in the highway and such failure proximately causes or contributes to the motorist’s injury, then that motorist is guilty of negligence.”
This charge is inapplicable for the reason that there was no question of vision here, and even if the plaintiff’s vision had extended for a great distance, it would have been irrelevant since plaintiff had no duty to anticipate that defendant would suddenly make a left-hand turn in the path of plaintiff’s automobile. Clearly, the charge requested by defendant was not supported by competent substantial evidence, and the judge need not instruct on principles of law which do not arise from the facts adduced at the trial. Garrison v. Hertz Corporation, Fla.App.1961, 129 So.2d 452.
The second charge excluded by the trial court concerns Florida Statute 317.26, F.S.A. (1961) which was in effect at the time of the accident. The statute stated:
“Passing vehicles proceeding in opposite directions. Drivers of vehicles proceeding in the opposite directions shall pass each other to the right; and upon roadways having width for not more than one line of traffic in each direction, each driver shall give to the other at least one-half of the main traveled portion of the roadway, as nearly as possible.”
Although requested by the defendant, it would appear that this charge would actually benefit the plaintiff. From an observation of the photographs contained in the record, it appears that plaintiff’s vehicle was in defendant’s lane of traffic by only two inches at the most and then only after plaintiff applied her brakes in attempting to avoid the collision. More important, however, this statute is not applicable to facts as adduced at the trial. This was not a passing situation as commonly referred to; and had the defendant not attempted to make a left-hand turn, the evidence supports a presumption that the passing would have been uneventful.
No error having been made to appear, the decision of the trial court is affirmed.
ALLEN and PIERCE, JJ., concur.