WHITE, JOS. S., Associate Judge.
This appeal grows out of a suit for bodily injury. There was a verdict for the defendant and appellant, plaintiff below, now urges that the lower court erred in refusing his request to give the charge on the “last clear chance.” [1]
The injured party, a ten-year-old lad, was riding a bicycle on the unpaved “shoulder” of a public street. Defendant was driving an automobile truck in the opposite direction in the proper lane of the street, a paved two-lane roadway. It was during daylight hours and weather conditions were normal. The truck was proceeding at 8 or 10 miles per hour.
The bicycle rider approached the truck on his left hand side of the street. This placed the bicycle on the “shoulder” adjacent to the lane of traffic in which the *220 truck was proceeding toward the bicycle. The edge of the pavement was slightly higher than the unpaved “shoulder.”
When 20 or 30 feet away, the driver saw the bicycle rider look back over his shoulder as if to observe the traffic approaching from his rear, but there was no indication of what was about to happen. When about 10 or 12 feet from the truck the bicycle made an abrupt turn from the “shoulder” onto the pavement into the path of the truck. The truck driver applied his brakes, but did not stop before the right front corner of the truck had struck the handlebars or front wheel of the bicycle.
We pause here to comment that in considering the application of the “last clear chance” doctrine to a case such as this the evidence should be viewed in the light most favorable to the injured party. We have studied the record with this view in mind and give the facts here without too much difficulty, since there was little, if any, conflict in circumstances having a material bearing on this incident. Unfortunately, the lad suffered serious head injuries and had no recollection of what happened.
The jury verdict for the defendant is no surprise. We do not see how the truck driver could be charged with fault. He was proceeding at a slow rate of speed. He had a right to assume that the bicycle rider would see what was in plain sight and would obey the law of the road. Yet, the bicycle turned suddenly from its course onto the highway in such close proximity to the truck that an accident was then unavoidable. There is testimony suggesting that the front wheel of the bicycle may have come in contact with the raised edge of the pavement, thus projecting the bicycle, unexpectedly, into the street.
Careful reading of the instruction in question will demonstrate that it was inapplicable. The truck driver could not avoid plaintiff’s position of peril. This application of the “last clear chance” doctrine is -well illustrated in the following cases: O’Neal v. Lahnala, 5 Cir. 1958, 253 F.2d 663; Falnes v. Kaplan, Fla.1958, 101 So.2d 377; Rodriguez v. Haller, Fla.App.1965, 177 So.2d 519; Lee County Oil Co. v. Marshall, Fla.App.1957, 98 So.2d 510; and Wilde v. Kelly, Fla.App.1964, 160 So.2d 713.
To those who may argue that the jury should have been given the opportunity to determine whether or not the truck driver, by the exercise of reasonable care, could have avoided injury to the bicycle rider, we cite Falnes v. Kaplan, supra, where the same argument was made. The Supreme Court of Florida, speaking through the late Mr. Justice Thomas, whose memory we all revere, rejected the argument, saying:
“These circumstances combined with the ones we have already related did not, in our opinion, present a situation from which it could have been deduced that the driver was so heedless that the court was obliged to charge the jury on the doctrine.” (Emphasis added.)
Affirmed.
REED, C. J., and OWEN, J., concur.

. Standard Jury Instruction, 5.2 Even if you find from the evidence that (claimant) was in a position of danger as a result of his own negligence, you may return a verdict for (claimant) notwithstanding his negligence if (defendant) had the last clear chance to avoid injury to (claimant), that is, if the greater weight of the evidence shows tiie existence of one of the situations which I shall now describe:
First: You may find that (defendant) had the last clear chance to avoid injuring (claimant) if (claimant) came into a position of danger from which he could not escape by the use of reasonable care; if (defendant) then or thereafter knew of (claimant’s) position; if (defendant) realized or had reason to realize the danger to (claimant) ; and if (defendant), by the use of reasonable care, could thereafter have avoided injuring (claimant).
Second : You may find that (defendant) had the last clear chance to avoid injuring (claimant) if (claimant) came into a position of danger from which he could not escape by the use of reasonable care; and if (defendant) then or thereafter, by the use of reasonable care, could have discovered and appreciated (claimant’s) danger and could have avoided injuring (claimant).
Third : You may find that (defendant) had the last clear chance to avoid injuring (claimant) if (defendant) knew that (claimant) was in a position of danger; if (defendant) realized or had reason to realize that (claimant) apparently would not take action to avoid the danger ; and if (defendant) by the use of reasonable care, could thereafter have avoided injuring (claimant).
If the greater weight of the evidence shows that both (claimant) and (defendant) were negligent but does not show that (defendant) had the last clear chance to avoid injuring (claimant), or if it shows that (claimant) himself had the last clear chance to avoid the injury complained of and negligently failed to do so, your verdict should be for (defendant).